UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY RODDEN JACKSON, | No. 2:16-cv-0891-TLN-KJN |
| Plaintiff, | |
| v. | ORDER |
| RICHARD CALONE, et al., | |
| Defendants. | |

    On May 5, 2016, plaintiff filed a motion for expedited discovery to have plaintiff's deposition taken in this action by no later than May 26, 2016, along with an *ex parte* application for an order shortening time so that the hearing on her motion could be scheduled for May 12, 2016. (ECF Nos. 5, 6.) In her *ex parte* application, plaintiff argues that good cause exists to shorten the time to hear her motion because she "is 87 years old, blind and physically frail" and her motion requests that her deposition be ordered to occur on or before May 26, 2016. (ECF No. 6 at 1.)

    The court finds that plaintiff's application fails to demonstrate good cause for an order to shorten time for two reasons. First, while the court acknowledges that plaintiff's age and alleged physical disabilities may weigh in favor of having plaintiff's deposition taken on an expedited basis, plaintiff fails to indicate that her current health prospects are so dire that holding a hearing on a later date in conformance with Local Rule 230(b) would create a serious risk that plaintiff

1

would be unavailable provide the expedited deposition testimony she seeks to obtain through her motion.  To the contrary, the exhibits attached to plaintiff's motion indicate that there would be very little such risk.  (See ECF No. 5-4, Exhibit B.)  Second, the docket in this matter demonstrates that service of process was effectuated on defendants on May 4, 2016, just one day before plaintiff filed her motion and *ex parte* application.  (ECF No. 4.)  The fact that the shortened hearing date requested by plaintiff would occur just eight days after the initial service on defendants and effectively afford defendants only a few days to file a written response to plaintiff's motion weighs heavily against holding the hearing on plaintiff's motion on the expedited schedule plaintiff requests as it would cause an undue burden on defendants.  This burden on defendants coupled with the apparent lack of need by plaintiff to hold the hearing on such an expedited basis brings the court to conclude that good cause does not exist for plaintiff's request.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's *ex parte* application for an order shortening time (ECF No. 6) is DENIED.
2. The May 12, 2016 hearing on plaintiff's motion for expedited discovery (ECF No. 5) is VACATED.
3. Plaintiff shall contact the undersigned's courtroom deputy to re-notice her motion for expedited discovery for a new hearing date in conformance with Local Rule 230(b).[1]

IT IS SO ORDERED.

Dated:  May 9, 2016

KJN/amd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The court is cognizant that scheduling the hearing on plaintiff's motion for expedited discovery on a date that conforms to Local Rule 230(b) will result in a hearing date after the date by which plaintiff requests that her deposition be ordered to take place.  However, while the court declines to address the merits of plaintiff's motion for expedited discovery as to the general question of whether plaintiff is entitled to have her deposition taken on an expedited basis at this juncture, it finds that plaintiff fails to demonstrate that such an expedited deposition should be taken on or before the May 26, 2016 deadline that plaintiff appears to have arbitrarily provided in her motion.