1   JAMES R. KIRBY II [SBN: 88911]
    **NAGELEY, MEREDITH, KIRBY & WINBERRY, INC.**
2   8801 Folsom Boulevard, Suite 172
3   Sacramento, CA 95826
    Telephone No.:    (916) 386-8282
4   Facsimile No.:    (916) 386-8952

5
    Attorneys for Plaintiff
6   DOROTHY RODDEN JACKSON

7
                    IN THE UNITED STATES DISTRICT COURT
8
9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ─────────────────────────────────────────────────────

    DOROTHY RODDEN JACKSON,          | Case No.:  **2:16-cv-00891-TLN-KJN**
11
                          Plaintiff, | **SUPPLEMENTAL MEMORANDUM**
12                                   | **OF POINTS AND AUTHORITIES IN**
        vs.                          | **SUPPORT OF MOTION TO COMPEL**
13                                   | **COMPLIANCE WITH A SUBPOENA**
    RICHARD CALONE; CALONE &         | **TO V.A. RODDEN, INC., OR, IN THE**
14  HARREL LAW GROUP, LLP; CALONE    | **ALTERNATIVE, FOR ISSUANCE OF**
    & BEATTIE, LLP; CALONE LAW       | **AN ORDER TO SHOW CAUSE RE**
15  GROUP, LLP,                      | **CONTEMPT**

16                        Defendant. | **DATE:** October 27, 2016
                                     | **TIME:** 10:00 a.m.
17                                   | **DEPT:** 25

18                                   | **TRIAL DATE:**  None Set
    ─────────────────────────────────────────────────────

19
        This is an action for breach of fiduciary duty and legal malpractice.
20
    Defendants (collectively "Calone") deprived Plaintiff Dorothy Jackson (Dorothy) of
21
    her stock, and income from her stock, in V.A. Rodden, Inc.  Dorothy subpoenaed
22
    records from V. A. Rodden.  There has been no response.
23
        Dorothy asks the Court for an order compelling V. A. Rodden to comply with
24
    the subpoena or, in the alternative, to issue an order to show cause why V. A.
25
    Rodden should not be held in contempt.
26
        ///
27
        ///
28

                                    - 1 -
    ─────────────────────────────────────────────────────

### Background

1
2        These facts are taken from the Complaint at 2: 19 - 9: 23, Dkt. #1 (Exhibit
3  A).  They concentrate on V. A. Rodden's role in the underlying events.
4        Dorothy was entitled to the income from 250 shares of V. A. Rodden stock
5  as beneficiary of a trust (the Rodden Trust), and owned 110 shares of V. A.
6  Rodden stock individually, as separate property inherited from her parents .
7  "Shares" refers to shares in V. A. Rodden.  Dorothy's combined Shares
8  represented approximately 30% of V. A. Rodden's outstanding shares.
9        Dorothy's oldest son, Bill, was the trustee of the Rodden Trust and Chief
10 Executive Officer of V.A. Rodden.
11       In 1993, Dorothy and her husband Donald retained Calone to prepare a
12 family trust ("the 1993 Trust").  Dorothy intended, and the 1993 Trust provided,
13 that property they placed in the trust was to be divided equally among their three
14 children upon the death of the surviving spouse.  Her intent has never changed.
15       The property in the 1993 Trust included Dorothy's 110 Shares, which were
16 listed as her separate property. The 1993 Trust provided that Bill, if he elected,
17 could receive upon the death of the surviving spouse, Dorothy's 110 shares and
18 other property.  If Bill made this election, the 1993 Trust required him to issue
19 promissory notes to his two siblings to equalize the division.  Dorothy and Donald,
20 as settlors of the 1993 Trust, were to receive the income and principal from the
21 trust assets for life.  Dorothy and Donald were named as co-trustees.
22       During the events described below Dorothy suffered from diabetes which
23 has caused diabetic macular edema and affected her vision.  She was unable to
24 read and comprehend legal documents.  Calone knew of her physical limitations
25 as well as her lack of sophistication in complex financial, trust and tax matters, and
26 that she reposed such trust and confidence in him and Bill that she would
27 unhesitatingly sign legal documents based upon nothing more than their request
28 that she do so.

- 2 -

Points & Authorities in Support of Motion for Terminating Sanctions; Evidence Preclusion; Monetary
Sanctions - Case No.: 2:16-cv-00891-TLN-KJN

In 2005, Dorothy and Donald, although they remained married, began to live separate and apart. Dorothy left California in 2005 and has not resided there (or with Donald) since. Beginning in 2005, Calone participated in the systematic dismantling of Dorothy's estate plan embodied in the 1993 Trust. This course of conduct, contrary to her intent, effectively disinherited two of her children, made gifts of her property, and deprived her of the ownership and income from her property. This course of conduct began with a marital property transmutation agreement (Marital Agreement).

When Dorothy informed Calone in 2005 that she and Donald were separating, Calone drafted a Marital Agreement transmuting their separate property (including Dorothy's 110 Shares) into community property. Calone represented both Dorothy and Donald in the transaction. Dorothy, who could not read and comprehend the Marital Agreement, was not aware of its import and did not intend to transmute her separate property into community property.

Donald did not exercise any right to manage and control the purported newly-created community property at any time. There was no manifestation of the purported transmutation until years later as described below.

From the time she and Donald separated, Dorothy had her bills forwarded to V. A. Rodden for payment. She understands they were paid from disbursements to her beneficial interest in 360 Shares. Since 2005, her finances have been under Bill's control as CEO of V. A. Rodden and as trustee of the Rodden Trust.

Calone prepared an amendment to the 1993 Trust. It provided the trustees could transfer the 110 Shares as gifts during the settlors' lifetimes (but only to Bill). Dorothy did not intend to provide for transfers to Bill alone.

Dorothy has resided in Hawaii since 2007.

Between 2007 and 2012, without any request by, or communication with, Dorothy, Calone prepared documents making yearly gifts of the 1993 Trust's interest in a limited liability company to Bill and his wife Nancy. By the end of

2012, because the 250 shares in the Rodden Trust were unreachable, the one significant asset in Dorothy's estate was her 110 Shares.

In 2012, Calone prepared a Grantor Trust (the 2012 Trust) -- sometimes referred to as an intentionally defective trust -- with Dorothy and Donald as settlors and Bill as trustee.  The beneficiaries of the 2012 Trust are Bill and Nancy.  The 110 Shares were transferred to Bill as trustee of the 2012 Trust.  The 2012 Trust had the legal effect of transferring to Bill the income stream from Dorothy's 110 Shares, yet at the same time requiring Dorothy to pay income taxes on all income generated by those Shares.  Dorothy's remaining source of income to pay those taxes was the distribution made to her as beneficial owner of the 250 Shares in the Rodden Trust.  Dorothy did not intend to divest herself of her 110 Shares nor did she intend to obligate her income from the 250 shares to pay Bill's taxes.

Dorothy is informed and believes that during this course of events, while purporting to represent her interests, Calone was counsel for V. A. Rodden as well as Bill and Donald.  Despite the purported transmutation of her 110 Shares by the Marital Agreement in *2005*, and the purported transfer of those same 110 shares to Bill as trustee of the 2012 trust in *2012*, Dorothy is informed and believes those Shares were carried on the V. A. Rodden books as belonging solely to Dorothy.

Dorothy voted the 110 Shares at shareholder meetings via telephone without objection until June of 2015.  She is informed and believes Calone deliberately failed to transfer ownership of the Shares on the corporate books to conceal the purported transmutation, intervening transfers and the 2012 trust.

**The Subpoena Requests Facts Directly Relevant To Dorothy's Claims**

The subpoena to V. A. Rodden (attached as Exhibit B) seeks documents reflecting disbursements to Dorothy or disbursements to other entities on her behalf (Requests ##1-3, 6-9, 13-15 & 20-23,), payment of her personal or trust expenses (Requests ##4, 10-11, 17-18 & 24-25), correspondence with Dorothy or persons acting on her behalf (Request ##6, 12 &  19), her ownership of Shares or

1  ownership by entities in which she had a beneficial interest (Requests ##26-29),

2  and preparation of a budget for her (Request ##30-31).

3      The relevance of these documents to her claims is obvious.

4  **V.A. Rodden Has Not Responded To The Subpoena**

5      The subpoena was directed to the Custodian of Records for V.A. Rodden.

6  Ex. B.  Kim Heutchins, the V. A. Rodden Office Manager, was personally served at

7  2:45 p.m., on August 11, 2016.  Ex. C.  Responsive documents were to be

8  produced at 10:00 a.m. on September 14, 2016.  V.A. Rodden did not respond.

9      Counsel for Dorothy sent a certified letter to Ms. Heutchins on September

10  29, 2016, with a copy of the subpoena and proof of service and requesting a

11  response.  Ex. D.  Although the letter was received, there has been no reply.  Ms.

12  Heutchins was personally served with the original notice of motion and motion on

13  October 6.  Ex. E.  An amended notice of the hearing date for October 27 was

14  served by mail the same day.  Ex. F.

15      I received an e-mail from counsel representing Mr. Jackson stating she was

16  not representing V. A. Rodden, Inc. in this matter but requested a continuance of

17  the motion to compel to permit another attorney to respond.  E-mail from Kirin Virk

18  to James Kirby (Oct. 7, 2016), Ex. G.  Counsel for Dorothy responded that the

19  hearing had already been continued one week by the Court, and notice of the

20  continued date had already been sent, and the date would not be moved absent

21  some written assurance of compliance.  E-mail from James Kirby to Kirin Virk

22  (Oct. 7, 2016).

23      There has been no further contact regarding this subpoena.

24  **Discussion**

25      Plaintiff wants the requested documents and has no desire to punish V. A.

26  Rodden.  Plaintiff therefore requests an order requiring V. A. Rodden to produce

27  the requested documents on a date certain.  Alternatively, Plaintiff requests an

28

order to show cause why V. A. Rodden should not be held in contempt for failing

to comply with the subpoena.  Fed.R.Civ.Pro. 45(g).

DATED: October 13, 2016          **NAGELEY, MEREDITH,**
                                 **KIRBY & WINBERRY, INC.**


                                 BY:_____/s/ James R. Kirby II_____
                                     JAMES R. KIRBY II
                                     Attorney for Plaintiff
                                     DOROTHY RODDEN JACKSON

Points & Authorities in Support of Motion for Terminating Sanctions; Evidence Preclusion; Monetary
Sanctions - Case No.: 2:16-cv-00891-TLN-KJN

1  **DOROTHY RODDEN JACKSON v. RICHARD CALONE; CALONE & HARREL LAW**
**GROUP, LLP; CALONE & BEATTIE, LLP; CALONE LAW GROUP, LLP**
2  **U.S.D.C. East. Dist. of CA Court**
**Case No. 2:16-cv-00891-TLN-KJN**
3  **Our File Number:  J1017-101**

4

5  **CERTIFICATE OF SERVICE**
[Fed.R.Civ.P. 5(b), 5(d), 6(e); LR 5-135]
6

7       I, Sheena Tatum-Barton, certify:

8       I am employed by Nageley, Meredith, Kirby & Winberry, Inc., in the County of
9  Sacramento, State of California.  I am over the age of eighteen years and not a party to
   the above-referenced case.  My business address is 8801 Folsom Boulevard, Suite 172,
10 Sacramento, California 95826.  On this date I served the following document(s):

11 **SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
12 **MOTION TO COMPEL COMPLIANCE WITH A SUBPOENA TO V.A. RODDEN, INC.,**
   **OR, IN THE ALTERNATIVE, FOR ISSUANCE OF AN ORDER TO SHOW CAUSE RE**
13 **CONTEMPT**

14   xx  **BY MAIL.**  By placing a true copy thereof enclosed in a sealed envelope with
15       postage thereon fully prepaid, in a box designated by my employer for collection
         and processing of correspondence for mailing with the United States Postal
16       Service, addressed as set forth below.  I am readily familiar with the business
         practices of my employer for the collection and processing of correspondence for
17       mailing with the United Stated Postal Service.  The correspondence placed in the
         designated box is deposited with the United States Postal Service at Sacramento,
18       California, the same day in the ordinary course of business.

19 Custodian of Records
20 V.A. Rodden, Inc.
   4000 Ellenwood Road
21 Oakdale, CA 95361

22

23       I certify under the penalty of perjury under the laws of the State of California that
   the foregoing is true and correct and that this certification was executed on October 13,
24 2016, at Sacramento, California.

25

26

27                                    _____
                                      Sheena Tatum-Barton
28

Exhibit A

JAMES R. KIRBY II [SBN: 88911]
**NAGELEY, MEREDITH & MILLER, INC.**
8801 Folsom Boulevard, Suite 172
Sacramento, CA  95826
Telephone No:  (916) 386-8282
Facsimile No:   (916) 386-8952

Attorneys for Plaintiff DOROTHY JACKSON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DOROTHY RODDEN JACKSON, | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |
| vs. | |
| RICHARD CALONE; CALONE & HARREL LAW GROUP, LLP; CALONE & BEATTIE, LLP; CALONE LAW GROUP, LLP; | |
| Defendants. | |

Plaintiff Dorothy Rodden Jackson alleges as follows:

**Jurisdiction And Venue**

1.  Plaintiff is presently a resident of Hawaii; the individually named defendant and all members of the named defendant entities are residents of California.  This Court has jurisdiction under 28 U.S.C. §1332 based on diversity of citizenship and because the value of the matter in controversy exceeds $75,000.00.

The entity defendants' principal places of business are in San Joaquin County, California.  Plaintiff is informed and believes the individual defendant and all members of the entity defendants are residents of San Joaquin County.  The events at issue took place in San Joaquin County.  Venue is appropriate in this

- 1 –

1  Court.  E.D.R. 120(d); 28 U.S.C. §1391.

2  **Demand For Jury Trial**

3      2.  Plaintiff demands a jury for all claims triable to a jury.

4  **The Parties**

5      3.  Plaintiff Dorothy Rodden Jackson (Dorothy) was born April 9, 1929.

6  Plaintiff married Donald Jackson (Donald) in 1949.  She and Donald have three

7  adult children, William ("Bill"), Thomas and Terry.

8      4.  Defendant Richard Calone (Calone) is an attorney with a certified

9  specialty in taxation law from the State Bar of California.  Dorothy is informed and

10  believes Calone & Harrel Law Group, LLP, Calone & Beattie, LLP, and Calone

11  Law Group, LLP are California entities in which Richard Calone was a partner or

12  otherwise a principal.  "Calone" refers collectively to Richard Calone and these

13  entities as well as persons acting under his supervision or subject to his control.

14  Dorothy is informed and believes that, in addition to representing her as an

15  individual, Calone acted as counsel for the family corporation, V. A. Rodden, Inc.

16  (V. A. Rodden), and for her parents as individuals for many years before the

17  events described in this Complaint.

18  **Facts Common To All Causes Of Action**

19      5.  Dorothy is the daughter of Vernon and Cecil Rodden.  Calone handled

20  tax matters related to their deaths.  After their deaths, Dorothy was entitled to the

21  income from 250 shares in V. A. Rodden as beneficiary of a trust created by her

22  parents (the Rodden Trust), and she owned 110 shares in V. A. Rodden

23  individually, as her separate property.  "Shares" will refer to shares in V. A.

24  Rodden.

25      At all relevant times, Dorothy's oldest son Bill was the trustee of the

26  Rodden Trust.

27      6.  Bill was Chief Executive Officer of V.A. Rodden at all times relevant to

28  this Complaint.  Thomas and Terry were not involved in the family business

Complaint For Damages; Demand For Jury Trial – Case No. _____

1  although they, along with Bill, had each received 110 shares from their

2  grandparents, the Roddens.

3      7.  Dorothy and Donald retained Calone to prepare a revocable family trust

4  for them ("the 1993 Trust"). Dorothy intended, and the 1993 Trust Calone drafted

5  provided, that property they placed in the trust was to be divided equally among

6  their three children upon the death of the surviving spouse. Dorothy's intent as to

7  an equal distribution has never changed. The property placed in the 1993 Trust

8  eventually included an interest in the Quinto Partnership, an interest in a limited

9  liability company that owned in an office building (referred to here as "the Florida

10  Avenue LLC"), and Dorothy's 110 separate property shares in V. A. Rodden.

11      8.  The 1993 Trust provided that Bill, if he so elected, would receive upon

12  the death of the surviving spouse, Dorothy's 110 individual separate property

13  shares and Dorothy and Donald's interest in the Quinto Partnership as part of his

14  one-third distribution.  If Bill made this election, the 1993 Trust required him to

15  issue promissory notes to Tom and Terry equalizing the division.  Dorothy and

16  Donald, as settlors of the 1993 Trust, were to receive the income from the trust

17  assets for life as well as the principal if needed for their health, education, support

18  maintenance, comfort and welfare.  The 1993 Trust listed the Quinto Partnership

19  as a community asset and the 110 shares as Dorothy's separate property.

20  Dorothy and Donald were named as co-trustees.

21      9.  The same day the 1993 Trust was executed, the Florida Avenue LLC

22  was formed pursuant to an operating agreement and other documents prepared

23  by Calone.  Donald and Dorothy contributed their interests in that entity to the

24  1993 Trust.

25      10.  Beginning in approximately 1994, Dorothy began to receive significant

26  distributions from the Shares she had contributed to the 1993 Trust and the

27  Shares held by the Rodden Trust.  Her 360 total shares represented

28  approximately 30% of V. A. Rodden's outstanding shares.

Complaint For Damages; Demand For Jury Trial – Case No. _____

11.  At all times relevant to this Complaint, Dorothy has suffered from diabetes which has caused diabetic macular edema and affected her vision.  At all relevant times, Dorothy was unable to read legal documents.  Calone knew of this physical limitation as well as Dorothy's lack of sophistication in complex financial, trust and tax matters, and that she reposed such trust and confidence in Calone and her oldest son Bill that she would unhesitatingly sign legal documents based upon nothing more than their request that she do so.

To the extent Dorothy's signature appears on the documents described in this Complaint, she signed based on a request by Calone without an adequate explanation of the document's contents or requests by Bill without an adequate explanation of the documents' contents.  Dorothy is informed and believes that some of her purported signatures were actually a stamp of her signature (V. A. Rodden had a stamp made of her signature) affixed by a third party without her knowledge or consent, or signed by someone else without her knowledge or consent.

12.  The 1993 Trust was amended by Calone in 1996 and 2003.

13.  In 2005, Dorothy and Donald, although they remained married, began to live separate and apart.  Dorothy left California in 2005 and has not resided here (or with Donald) since that time.

14.  Beginning in 2005, Calone participated in the systematic dismantling of Dorothy's estate plan embodied in the 1993 Trust.  This course of conduct, contrary to her intent, effectively disinherited two of her children, made gifts of her property, and deprived her of the ownership and income from her property.  This course of conduct began with a marital property transmutation agreement (Marital Agreement) executed while Dorothy was still a resident of California.

15.  When Dorothy informed Calone sometime in 2005 that she and Donald were separating, Calone drafted a Marital Agreement transmuting all of Dorothy and Donald's separate property into community property.  The Marital Agreement

- 4 -

1  is dated December 22, 2005.  Calone represented both Dorothy and Donald in the

2  transaction.  In doing so he simultaneously represented multiple clients and had

3  an unwaivable conflict of interest.

4      16.  Even assuming those conflicts of interest could be waived, Calone

5  failed to make sufficient disclosures, and made no written disclosures, of the

6  detrimental effect of the agreement on Dorothy.  Dorothy was not apprised of the

7  value of the 110 Shares or the impact the agreement would have in the future.

8  Dorothy's 110 individual shares of separate property stock became community

9  property (comparatively speaking, Donald had no significant separate property);

10  the 250 shares held by the Rodden Trust were not affected.  Calone did not refer

11  Dorothy to independent counsel, and did not obtain Dorothy's informed consent to

12  his dual representation.  Calone did not explain that the terms of the Marital

13  Agreement, as a whole, were massively detrimental to Dorothy and even

14  suggested "you could gain considerable tax advantage under current law by

15  'transmuting' all of your separate property assets into community property."

16  Dorothy, who could not read the Marital Agreement, was not aware of its import

17  and did not intend to transmute her separate property into community property.

18      17.  Donald did not exercise any right to manage and control the purported

19  newly-created community property at any time during the events described in this

20  Complaint.  There was no manifestation of the purported transmutation until years

21  later as described below.

22      18.  The Marital Agreement required a budget to be prepared for both

23  Donald and Dorothy to provide them living expenses with the excess to be

24  distributed to Dorothy.  The agreement required Bill carry out these provisions.

25  Dorothy is informed and believes that the budgets required by the Marital

26  Agreement have never been prepared.

27      19.  From the time she and Donald separated until today, Dorothy has had

28  her bills forwarded to V. A. Rodden for payment.  Her understanding is that

1    payments were made from the disbursements to her beneficial interest in 360

2    shares of V. A. Rodden.  During at least the latter period covered by this

3    Complaint, the bookkeeper at V. A. Rodden paying her bills was Nicole Solari,

4    Bill's daughter and Dorothy's granddaughter.  In short, since at least 2005

5    Dorothy's personal finances have been under Bill's control as CEO of V. A.

6    Rodden and as trustee of the Rodden Trust.

7        20.  At about the time Calone advised Dorothy to enter into the Marital

8    Agreement, he prepared a third amendment to the 1993 Trust (the 2005

9    Amendment).  The 2005 Amendment altered the 1993 Trust by providing that the

10   trustees could transfer the trust's interests in the Florida Avenue LLC or the 110

11   shares of V. A. Rodden stock as gifts during the settlors' lifetimes (but only to Bill);

12   and that the 1993 Trust, as amended, became irrevocable.  Calone did not

13   disclose his conflicts of interest in representing all parties to this transaction, did

14   not obtain a waiver of conflict, and did not refer Dorothy to independent counsel

15   for advice.  Calone did not explain the significance of these changes to Dorothy,

16   who could not read them.  Dorothy did not intend to provide for transfers to Bill

17   alone nor did she intend to make the 1993 Trust irrevocable.

18       21.  In 2007, Dorothy established a residence in Hawaii and has resided

19   there ever since.  Calone knew she no longer lived in California, and had contact

20   information for her in Hawaii, but never used it to inform her of the events

21   described in this Complaint.  After she relocated, Dorothy did not receive any

22   communications from Calone informing her of the impact of transactions in her

23   name described in this Complaint, any explanation of those transactions nor even

24   that those transactions had taken place.

25       22.  In December of 2007, without any request by, or communication with,

26   Dorothy, Calone prepared a gift of a portion of the 1993 Trust's interest in the

27   Florida Avenue LLC to Bill and his wife Nancy along with other related documents.

28   Although Calone represented both sides of this transaction, he made no

Complaint For Damages; Demand For Jury Trial – Case No. _____

1    disclosure of conflicting interests, obtained no waiver of conflicts and provided

2    Dorothy with no explanation of these documents.  Calone did not advise Dorothy

3    to seek independent counsel to explain these documents to her nor did he provide

4    her with a copy of any valuation of the asset.  Dorothy could not read them and did

5    not intend to make a gift of her property to Bill and Nancy.

6         23.  Similarly, without any request by or communication with Dorothy,

7    Calone prepared documents making additional gifts of interests in Florida Avenue

8    to Bill and Nancy during 2008, 2009, 2010, 2011 and 2012.  As was the case with

9    the earlier transfers, Calone represented both sides of the transaction, yet made

10   no disclosure of conflict, obtained no written waiver of conflict and provided

11   Dorothy with no explanation of these documents.  Calone did not advise Dorothy

12   to seek independent counsel to explain these documents to her.  Dorothy could

13   not read them and did not intend to make gifts of her property to Bill and Nancy.

14   There were communications regarding the gifts between Calone and Bill.

15        24.  In 2009, the 1993 Trust was amended a fourth time to add a no contest

16   clause and replacing Thomas and Terry as potential successor trustees with Bill's

17   daughter, Nicole.  At no time during the events described in this Complaint did

18   Dorothy resign as trustee of the 1993 trust or consent to Bill or anyone else acting

19   in her stead.  Dorothy is informed and believes that Bill has acted unilaterally as

20   de facto trustee of the 1993 trust without her permission or that of the other

21   trustee, Donald.

22        25.  In 2012, because the 250 shares in the Rodden Trust were

23   unreachable, two significant assets in Dorothy's estate were the 110 Shares she

24   had received individually as her separate property and the remaining interest in

25   the Florida Avenue LLC that had not been given to Bill, both of which remained in

26   the 1993 Trust.  Calone set about creating a mechanism to take those interests

27   from her and deprive her of the income from the 250 shares in the process.

28        26.  In 2012, Calone prepared a Grantor Trust (the 2012 Trust) --

- 7 -

Complaint For Damages; Demand For Jury Trial – Case No. _____

1   sometimes referred to as an intentionally defective trust -- with Dorothy and
2   Donald as settlors and Bill as trustee.  The beneficiaries of the 2012 Trust are Bill
3   and Nancy.  The 110 Shares and Dorothy's remaining interest in the Florida
4   Avenue LLC were transferred to Bill as trustee of the 2012 Trust.  The 2012 Trust
5   had the legal effect of transferring to Bill all of the income stream from Dorothy's
6   110 Shares as well as the distributions due her from her remaining interest in the
7   Florida Avenue LLC, yet at the same time requiring Dorothy to pay income taxes
8   on all income generated from these two sources.  Dorothy's remaining sources of
9   income to pay those taxes was the distribution made to her as beneficial owner of
10  the 250 shares in the Rodden Trust and her interest in the Quinto Partnership.  As
11  noted, Bill was the trustee of Rodden Trust.  Bill was also the trustee of and a
12  beneficiary of the 2012 trust, which effectively allocated the major assets of the
13  1993 trust to him, while burdening the Rodden Trust with the income taxes on
14  Bill's gift.

15       27.  In 2012, an individual could transfer $5,120,000 in property by gift or
16  devise free from gift or estate taxes; a married couple could transfer $10,240,000
17  (this freedom from taxes is referred to as "the Exemption").  As noted earlier,
18  Calone had orchestrated transfers of interests in the Florida Avenue LLC from
19  Dorothy to Bill and Nancy Jackson individually with last fractional interest
20  transferred in 2012.  In December of 2012 Calone orchestrated transfers of the
21  remaining interest in the Florida Avenue LLC and the 110 Shares to the 2012
22  Trust for the benefit of Bill and his family.  These combined 2012 transfers used
23  more than half of Dorothy's available Exemption.  Calone effectively used over half
24  of Dorothy's $5,120,000 Exemption in gifts solely to Bill, Nancy and their heirs,
25  further reducing the property Dorothy could give tax-free to her other children.
26  Donald made similar gifts to Bill and Nancy.  These transactions frustrated
27  Dorothy's intent to treat her children equally as now Thomas and Terry would bear
28  a larger share of the estate tax upon her death.

Complaint For Damages; Demand For Jury Trial – Case No. _____

28.  Calone, who represented all sides of the 2012 Trust transaction, did not make a disclosure of conflict, obtain a written waiver of conflict, inform Dorothy of the ramifications of the trust (including that the effect of this transfer was to disinherit her other two children for she no longer controlled property she intended to give them), provide her with a written valuation of V. A. Rodden or advise her to seek independent counsel concerning the 2012 Trust he knew she did not understand and could not read.  Dorothy did not intend to divest herself of her 110 Shares or her interest in the Florida Avenue LLC nor did she intend to obligate her income from the 250 shares to pay Bill's taxes.

29.  Dorothy is informed and believes that during this entire course of events, while purporting to represent her interests, Calone was counsel for V. A. Rodden as well as Bill and Donald.  Despite the purported transmutation of her 110 shares by the Marital Agreement in *2005*, and the purported transfer of those same 110 shares to Bill as trustee of the 2012 trust in *2012*, Dorothy is informed and believes that those 110 shares were carried on the V. A. Rodden corporate books as belonging solely to Dorothy.  The Shares were voted solely by Dorothy at shareholder meetings via telephone without objection or protest until approximately June of 2015.  Dorothy is informed and believes Calone, in addition to failing to disclose and concealing facts as described in this Complaint, deliberately and fraudulently failed to transfer ownership of the shares on the V.A. Rodden's books to conceal the purported transmutation, the intervening transfers, the effect of the 2012 trust, Calone's wrongdoing and the facts underlying Dorothy's claims against him.

30.  Dorothy first learned something was amiss with her finances when her granddaughter, Nicole Solari, the V. A. Rodden bookkeeper, wrote to her on May 6, 2015, essentially telling Dorothy that she was out of money.  Dorothy, through counsel, later obtained Calone's files after significant delay and learned afterward of the events described in this Complaint.

Exhibit B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| Dorothy Jackson | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   2:16-cv-00891-TLN-KJN |
| Richard Calone, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     The Custodian of Records for V.A. Rodden Inc.
        4000 Ellenwood Road, Oakdale, CA, 95361

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: Nageley, Meredith, Kirby & Winberry | Date and Time: |
|---|---|
| 8801 Folsom Boulevard, Suite 172 Sacramento, CA 95826 | 09/14/2016 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    08/11/2016

| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Dorothy Jackson
_____ , who issues or requests this subpoena, are:

James R. Kirby II, 8801 Folsom Boulevard, Suite 172, Sacramento, CA 95826, jkirby@nmlawfirm.com, 916-386-8282

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:16-cv-00891-TLN-KJN

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  The Custodian of Records for V.A. Rodden Inc.

on *(date)*  08/11/2016

☑ I served the subpoena by delivering a copy to the named person as follows:    Mark Ellis and Andrew Steinheimer

Ellis Law Group LLP,  740 University Avenue, Suite 100, Sacramento, CA, 95825

mellis@ellislawgrp.com; asteinheimer@ellislawgrp.com on *(date)*     08/11/2016    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00

I declare under penalty of perjury that this information is true.

Date:    08/11/2016

*Server's signature*

Sheena Tatum-Barton, Legal Assistant
*Printed name and title*
Nageley, Meredith, Kirby & Winberry
8801 Folsom Boulevard, Suite 172
Sacramento, CA 95826

*Server's address*

Additional information regarding attempted service, etc.:

# Attachment 1

## Definitions

"CORRESPONDENCE" includes "All written communication in any form including communications in ELECTRONIC format such as e-mails or text messages."

"DOCUMENTS" include anything handwritten, typed, printed, photostatted, photographed, photocopied, transmitted by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combination of those things, and any record created, regardless of the manner in which the record is stored, including but not limited to, information stored in an ELECTRONIC medium.

"ELECTRONIC" means technology having electrical, digital, magnetic, wireless, optical, electromagnetic, or similar capabilities. All electronically-stored information should be provided in a form that includes all data and states the computer hardware and software programs needed to translate the information into readable and searchable form.

Multiple copies of each "DOCUMENT" should be produced when some iterations of that "DOCUMENT" contain additions to the original, including but not limited to "post-it" notes, handwriting, or attachments.

## Plaintiff Requests Production of the Following Documents Pursuant To the Subpoena

1.      All DOCUMENTS reflecting disbursements to Dorothy Jackson since 2005.

2.      All DOCUMENTS reflecting bank deposits to an account in the name of Dorothy Jackson since 2005.

3.      All DOCUMENTS reflecting disbursements to any person purporting to act on behalf of Dorothy Jackson since 2005.

— 1 —

4.    All DOCUMENTS reflecting payment of personal expenses for Dorothy Jackson since 2005.

5.    All CORRESPONDENCE with Dorothy Jackson since 2005.

6.    All DOCUMENTS reflecting disbursements to the Donald D. Jackson and Dorothy R. Jackson Family Trust as amended (the 1993 Trust) since 2005.

7.    All DOCUMENTS reflecting deposits to an account held in the name of the 1993 Trust since 2005.

8.    All DOCUMENTS reflecting disbursements to Donald Jackson, Dorothy Jackson or any other person purporting to act as Trustee of the 1993 Trust since 2005.

9.    All DOCUMENTS reflecting deposits to an account held in the name of Donald Jackson, Dorothy Jackson or any other person purporting to act as Trustee of the 1993 Trust since 2005.

10.    All DOCUMENTS reflecting payment of the expenses of the 1993 Trust since 2005.

11.    All DOCUMENTS reflecting payment of the expenses of Donald Jackson, Dorothy Jackson or any other person purporting to act as Trustee of the 1993 Trust since 2005.

12.    All CORRESPONDENCE with Donald Jackson, Dorothy Jackson or any other person purporting to act as Trustee of the 1993 Trust since 2005.

13.    All DOCUMENTS reflecting disbursements to the Vernon A. Rodden and Cecil M. Rodden Declaration of Trust dated September 26, 1968 as restated and amended (the Rodden Trust) since 2005.

14.    All DOCUMENTS reflecting deposits to an account held in the name of the Rodden Trust since 2005.

15.    All DOCUMENTS reflecting disbursements to William Jackson or any other person purporting to act as Trustee of the Rodden Trust since 2005.

16.    All DOCUMENTS reflecting disbursements to an account held in the name of William Jackson or any other person purporting to act as Trustee of the Rodden Trust since 2005.

///

— 2 —

1

2        17.    All DOCUMENTS reflecting payment of expenses for the Rodden
Trust since 2005.

3

4        18.    All DOCUMENTS reflecting payment of expenses of William Jackson
or any other person purporting to act as Trustee of the Rodden Trust since 2005.

5

6        19.    All CORRESPONDENCE with William Jackson or any other person
purporting to act as Trustee of the Rodden Trust since 2005.

7

8        20.    All DOCUMENTS reflecting disbursements to the Dorothy R. Jackson
and Donald D. Jackson Irrevocable Family Trust, dated November 30, 2012 (the
2012 Trust).

9

10       21.    All DOCUMENTS reflecting disbursements to William Jackson or any
other person purporting to act as Trustee of the 2012 Trust.

11

12       22.    All DOCUMENTS reflecting deposits into an account held in the name
of the 2012 Trust.

13

14       23.    All DOCUMENTS reflecting deposits into an account held in the name
of William Jackson or any other person purporting to act as Trustee of the 2012
Trust.

15

16       24.    All DOCUMENTS reflecting payment of expenses for the 2012 Trust.

17

18       25.    All DOCUMENTS reflecting payment of expenses for William Jackson
or any other person purporting to act as Trustee of the 2012 Trust.

19

20       26.    All DOCUMENTS reflecting Dorothy Jackson's ownership of shares in
V. A. Rodden, Inc. since 2005.

21

22       27.    All DOCUMENTS reflecting the 1993 Trust's ownership of shares in
V. A. Rodden, Inc. since 2005.

23

24       28.    All DOCUMENTS reflecting the V. A. Rodden Trust's ownership of
shares in V. A. Rodden, Inc. since 2005.

25       29.    All DOCUMENTS reflecting the 2012 Trust's ownership of shares in
V. A. Rodden, Inc. since 2005.

26

27       30.    Any budget prepared for Dorothy Jackson.

28       ///

— 3 —

1

2

31.    Any budget prepared for Donald and Dorothy Jackson.

3

4   DATED: August 11, 2016              NAGELEY, MEREDITH, KIRBY & WINBERRY, INC.

5

6

7   By: _____

8        JAMES R. KIRBY II
        Attorney for Plaintiff

9        DOROTHY RODDEN JACKSON

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

— 4 —

Exhibit C

| Attorney or Party without Attorney:<br>JAMES R. KIRBY, III<br>NAGELEY, MEREDITH, KIRBY & WINBERRY, INC<br>8801 FOLSOM BLVD, SUITE 172<br>SACRAMENTO, CA 95826<br>Telephone No: 916-386-8282 | For Court Use Only |
|---|---|
| Attorney for: Plaintiff | Ref. No. or File No.: |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| United States District Court For The Eastern District Of California |

**Plaintiff:** DOROTHY JACKSON
**Defendant:** RICHARD CALONE, et al.

| PROOF OF SERVICE<br>SUBPOENA | Hearing Date:<br>Wed, Sep. 14, 2016 | Time:<br>10:00AM | Dept/Div: | Case Number:<br>2:16-cv-00891-TLN-KJN |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

3. a. Party served:          Custodian of Records for V.A. RODDEN INC.
   b. Person served:        KIM HEUTCHINS, OFFICE MANAGER. AUTHORIZED TO ACCEPT

4. Address where the party was served:     4000 ELLENWOOD ROAD
                                           OAKDALE, CA 95361

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu., Aug. 11, 2016 (2) at: 2:45PM
   b. I received this subpoena for service on:          Thursday, August 11, 2016

6. Witness fees were not demanded or paid.

7. **Person Who Served Papers:**                              Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. NATALIA M. BOWER                      d. **The Fee for Service was:**
   b. **FIRST LEGAL SUPPORT SERVICES**      e. I am: (3) registered California process server
      2300 TULARE ST.                          *(i)* Independent Contractor
      FRESNO, CA 93721                         *(ii) Registration No.:*     13-003
   c. 559/233-1993                             *(iii) County:*               Stanislaus

8. *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*
   Date: Fri, Aug. 12, 2016

| Judicial Council Form<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | PROOF OF SERVICE<br>SUBPOENA | (NATALIA M. BOWER)<br>9924834  .nagme.830839 |
|---|---|---|

Exhibit D

Law Offices

# NAGELEY, MEREDITH, KIRBY & WINBERRY, INC

SAM ROTH NAGELEY
(1937-2003)

8801 Folsom Boulevard, Suite 172
Sacramento, CA  95826
916-386-8282 * 916-386-8952 (fax)
JKirby@NMLawFirm.com

GREGORY A. MEREDITH
JAMES R. KIRBY II
LANNY T. WINBERRY

September 29, 2016

**TRANSMITTED VIA CERTIFIED MAIL**

Kim Heutchins
V.A. Rodden, Inc.
4000 Ellenwood Road
Oakdale, CA 95361

      Re:    Dorothy Jackson v. Richard Calone, et al.
             Our File No.:  J1017-101

Dear Ms. Heutchins:

On August 11, 2016, you were served with a subpoena for records on behalf of V. A. Rodden, Inc. A copy of the subpoena and proof of personal service are attached.

The subpoena asks the custodian of records for V. A. Rodden, Inc. to produce a variety of documents.  The date specified for production of these documents is September 14, 2016.

We have received nothing in response to the subpoena.

We are filing a motion for a court order compelling V. A. Rodden, Inc. to comply or, in the alternative, issue an order to show cause re contempt.  If we receive the requested documents by October 6, 2016, or V. A. Rodden, Inc. makes satisfactory arrangements to produce them on another mutually-convenient date, we will withdraw this motion.

Re: Dorothy Jackson v. Richard Calone, et al.
September 29, 2016
Page 2


Please give this matter your immediate attention.

Very truly yours,

NAGELEY, MEREDITH,
KIRBY & WINBERRY, INC.

James R. Kirby II

JRK:stb

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**Kim Heutchins**
**V.A. Rodden, Inc**
**4000 Ellenwood Road**
**Oakdale, CA 95361**

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X *[signature]*
☐ Agent
☒ Addressee

B. Received by *(Printed Name)*   *Kim Hutchins*   C. Date of Delivery   10/3/16

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
   *(Transfer from service label)*   7007 2680 0000 2486 6305

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-154

7007 2680 0000 2484 6305

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To Kim Hutchins N.A. Rodden Inc.
Street, Apt. No.; or PO Box No. 4000 Ellenwood Road
City, State, ZIP+4 Oakdale CA 95361

PS Form 3800, August 2006                    See Reverse for Instructions

# Exhibit E

JAMES R. KIRBY II [SBN: 88911]
**NAGELEY, MEREDITH, KIRBY & WINBERRY, INC.**
8801 Folsom Boulevard, Suite 172
Sacramento, CA  95826
Telephone No.:     (916) 386-8282
Facsimile No.:      (916) 386-8952

Attorneys for Plaintiff
DOROTHY RODDEN JACKSON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY RODDEN JACKSON,<br><br>                                    Plaintiff,<br><br>vs.<br><br>RICHARD CALONE; CALONE &<br>HARREL LAW GROUP, LLP; CALONE<br>& BEATTIE, LLP; CALONE LAW<br>GROUP, LLP,<br><br>                                    Defendant. | Case No.:  2:16-cv-00891-TLN-KJN<br><br>**NOTICE AND MOTION TO COMPEL<br>COMPLIANCE WITH SUBPOENA OR,<br>IN THE ALTERNATIVE, FOR<br>ISSUANCE OF AN ORDER TO SHOW<br>CAUSE RE CONTEMPT**<br><br>**DATE:** October 13, 2016<br>**TIME:** 10:00 a.m,<br>**DEPT:** 25<br><br>**TRIAL DATE:**  None Set |

TO:   THE CUSTODIAN OF RECORDS FOR V.A. RODDEN, INC.

PLEASE TAKE NOTICE THAT on October 13, 2016, at 10:00 a.m. in the

Department 25 of this Court, Plaintiff will move to compel compliance with a

subpoena for documents served on the Custodian of Records for V.A. Rodden,

Inc., or, in the alternative, for an order to show cause re contempt.  This motion is

based on the grounds that the documents sought are relevant to Plaintiff's claims

in this matter and the custodian has not responded.  This motion is supported by

this Notice of Motion and Motion, as required by Eastern District Rule 251(e),

when there has been a complete and total failure to respond to a discovery

request or order, and papers in the Court's file together with the oral arguments of counsel on the motion.

### Motion To Compel Compliance With Subpoena Or, In The Alternative, For An Order To Show Cause Re Contempt

Plaintiff moves to compel the Custodian of Records for V.A. Rodden, Inc., to comply with a subpoena for documents served on the custodian on August 11, 2016 or, in the alternative, for issuance of an order to show cause re contempt. The documents sought are relevant to Plaintiff's claims in this matter.

DATED: October 5, 2016                         NAGELEY, MEREDITH,
                                               KIRBY & WINBERRY, INC.


                                   By: _____/s/ James R. Kirby II_____
                                               JAMES R. KIRBY II
                                               Attorney For Plaintiff DOROTHY
                                               RODDEN JACKSON

-2-

| Attorney or Party without Attorney:<br>JAMES R. KIRBY, III, SBN 88911<br>NAGELEY, MEREDITH, KIRBY & WINBERRY, INC<br>8801 FOLSOM BLVD, SUITE 172<br>SACRAMENTO, CA 95826<br>Telephone No: 916-386-8282 | For Court Use Only |
|---|---|
| | Ref. No. or File No.: |
| Attorney for: Plaintiff | |

Insert name of Court, and Judicial District and Branch Court:

United States District Court For The Eastern District Of California

Plaintiff: DOROTHY JACKSON

Defendant: RICHARD CALONE, et al.

| PROOF OF SERVICE<br>HAND DELIVERY | Hearing Date:<br>Thu, Oct. 13, 2016 | Time:<br>10:00AM | Dept/Div:<br>25 | Case Number:<br>2:16-cv-00891-TLN-KJN |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the NOTICE AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA OR, IN THE ALTERNATIVE, FOR ISSUANCE OF AN ORDER TO SHOW CAUSE RE CONTEMPT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH A SUBPOENA

3.  a. Party served:  Custodian of Records - V.A. RODDEN, INC.
    b. Person served:  KIM HUTCHENS, OFFICE MANAGER. AUTHORIZED TO ACCEPT.

4. Address where the party was served:  4000 ELLENWOOD ROAD
OAKDALE, CA 95361

5. I served the party:

a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu., Oct. 06, 2016 (2) at: 11:00AM

7. **Person Who Served Papers:**
a. NATALIA M. BOWER
**b. FIRST LEGAL SUPPORT SERVICES**
2300 TULARE ST.
FRESNO, CA 93721
c. 559/233-1993

Recoverable Cost Per CCP 1033.5(a)(4)(B)

d. **The Fee for Service was:**
e. I am: (3) registered California process server
   (i)  Independent Contractor
   (ii)  Registration No.:   13-003
   (iii)  County:   Stanislaus

8. I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.
Date: Thu, Oct. 06, 2016

Judicial Council Form
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
HAND DELIVERY

(NATALIA M. BOWER)
9930563;cr.nagme.845137

Exhibit F

1  JAMES R. KIRBY II [SBN: 88911]
**NAGELEY, MEREDITH, KIRBY & WINBERRY, INC.**
2  8801 Folsom Boulevard, Suite 172
Sacramento, CA  95826
3  Telephone No.:   (916) 386-8282
4  Facsimile No.:   (916) 386-8952

5  Attorneys for Plaintiff
6  DOROTHY RODDEN JACKSON

7              IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10 | DOROTHY RODDEN JACKSON, | **Case No.: 2:16-cv-00891-TLN-KJN** |
|---|---|
| 11            Plaintiff, | **AMENDED NOTICE AND MOTION TO COMPLIANCE WITH** |
| 12 vs. | **SUBPOENA OR, IN THE ALTERNATIVE, FOR ISSUANCE OF AN ORDER TO SHOW CAUSE RE** |
| 13 RICHARD CALONE; CALONE & HARREL LAW GROUP, LLP; CALONE & BEATTIE, LLP; CALONE LAW GROUP, LLP, | **CONTEMPT** |
| 16            Defendant. | **DATE: October 27, 2016** **TIME: 10:00 a.m,** **DEPT: 25** |
| 17 | **TRIAL DATE:** None Set |

18 TO:   THE CUSTODIAN OF RECORDS FOR V.A. RODDEN, INC.

20         PLEASE TAKE NOTICE THAT on October 27, 2016, at 10:00 a.m. in the

21 Department 25 of this Court, Plaintiff will move to compel compliance with a

22 subpoena for documents served on the Custodian of Records for V.A. Rodden,

23 Inc., or, in the alternative, for an order to show cause re contempt.  This motion is

24

25 based on the grounds that the documents sought are relevant to Plaintiff's claims

26 in this matter and the custodian has not responded.  This motion is supported by

27 this Notice of Motion and Motion, as required by Eastern District Rule 251(e),

28                                                        - 1 -

1   when there has been a complete and total failure to respond to a discovery

2   request or order, and papers in the Court's file together with the oral arguments of

3   counsel on the motion.

4

### Motion To Compel Compliance With Subpoena Or, In The Alternative, For An Order To Show Cause Re Contempt

5

6       Plaintiff moves to compel the Custodian of Records for V.A. Rodden, Inc., to

7

8   comply with a subpoena for documents served on the custodian on August 11,

9   2016 or, in the alternative, for issuance of an order to show cause re contempt.

10   The documents sought are relevant to Plaintiff's claims in this matter.

11

12   DATED: October 6, 2016        **NAGELEY, MEREDITH,**

13                         **KIRBY & WINBERRY, INC.**

14

15               By: _____ /s/ James R. Kirby II _____

16                     JAMES R. KIRBY II
                           Attorney For Plaintiff DOROTHY

17                     RODDEN JACKSON

18

19

20

21

22

23

24

25

26

27

28

**DOROTHY RODDEN JACKSON v. RICHARD CALONE; CALONE & HARREL LAW GROUP, LLP; CALONE & BEATTIE, LLP; CALONE LAW GROUP, LLP**
**U.S.D.C. East. Dist. of CA Court**
**Case No. 2:16-cv-00891-TLN-KJN**
**Our File Number: J1017-101**

**CERTIFICATE OF SERVICE**
[Fed.R.Civ.P. 5(b), 5(d), 6(e); LR 5-135]

I, Sheena Tatum-Barton, certify:

I am employed by Nageley, Meredith, Kirby & Winberry, Inc., in the County of Sacramento, State of California. I am over the age of eighteen years and not a party to the above-referenced case. My business address is 8801 Folsom Boulevard, Suite 172, Sacramento, California 95826. On this date I served the following document(s):

**AMENDED NOTICE OF MOTION AND MOTION**

XX  **BY MAIL.**  By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in a box designated by my employer for collection and processing of correspondence for mailing with the United States Postal Service, addressed as set forth below. I am readily familiar with the business practices of my employer for the collection and processing of correspondence for mailing with the United Stated Postal Service. The correspondence placed in the designated box is deposited with the United States Postal Service at Sacramento, California, the same day in the ordinary course of business.

Custodian of Records
V.A. Rodden, Inc.
4000 Ellenwood Road
Oakdale, CA 95361

I certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this certification was executed on October 6, 2016, at Sacramento, California.

Sheena Tatum-Barton

# Exhibit G

**Sheena Tatum-Barton**

| | |
|---|---|
| **From:** | James R. Kirby |
| **Sent:** | Friday, October 07, 2016 11:48 AM |
| **To:** | 'Kirin Virk' |
| **Cc:** | Andrew Steinheimer; Fred A. Silva; Rachel Marmol; Sheena Tatum-Barton; Celia R. Bernal |
| **Subject:** | RE: Dorothy Jackson v. Calone |

Dear Ms. Virk:

The motion to compel V. A. Rodden, Inc. to comply with the subpoena has been moved to October 27, which means no response is due to the motion until October 20. An amended notice of the continued hearing date was mailed to V.A. Rodden earlier this morning. That continued date should give Mr. Jackson ample time to obtain counsel and respond to the subpoena before any response is due in court.

The V.A. Rodden Trust established for Dorothy's benefit still has a significant ownership interest in the company. One would hope the company would see fit to produce these documents without further wrangling and expense.

Since V. A. Rodden, Inc. has not responded at all or agreed to produce anything in response to this subpoena, I cannot simply drop the matter until I receive written assurances of compliance in some form.

James Kirby

James R. Kirby II
**WAGELEY, MEREDITH, KIRBY & WINBERRY, INC.**
8801 Folsom Boulevard, Suite 172
Sacramento, CA 95826
www.NMLawFirm.com
(916) 386-8282

*The information contained in this electronic message may be attorney-client privileged and confidential information and is intended only for the use of the individual(s) to whom this electronic message is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this electronic communication or any attachment thereto is strictly prohibited. If you have received this electronic communication in error, you should immediately return it to us and delete the message from your system. We would appreciate it if you would telephone us at (916) 386-8282, to advise of the misdirected communication. Thank you.*

---

**From:** Kirin Virk [mailto:KVirk@damrell.com]
**Sent:** Friday, October 07, 2016 10:53 AM
**To:** James R. Kirby
**Cc:** Andrew Steinheimer; Fred A. Silva; Rachel Marmol
**Subject:** Dorothy Jackson v. Calone

Mr. Kirby:

Our firm does not represent V.A. Rodden. Unfortunately, there appears to have been some confusion as to which firm would be handling that subpoena since we are handling the other five subpoenas served on Bill Jackson. It is our understanding that V.A. Rodden is in the process of procuring legal counsel to assist with its response to that subpoena. Mr. Jackson requests that you

hold off on any motion to compel regarding the V.A. Rodden subpoena until legal representation has been procured for the purposes of addressing that subpoena.

Thank you,

Kirin

Kirin K. Virk
Damrell, Nelson, Schrimp, Pallios
    Pacher & Silva
1601 I Street, 5th Floor
Modesto, CA 95354
Tel.: (209) 526-3500
Fax: (209) 526-3534

Confidentiality Note:  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

Ref#J1017-101]

1
2
3

**DOROTHY RODDEN JACKSON v. RICHARD CALONE; CALONE & HARREL LAW GROUP, LLP; CALONE & BEATTIE, LLP; CALONE LAW GROUP, LLP**
**U.S.D.C. East. Dist. of CA Court**
**Case No. 2:16-cv-00891-TLN-KJN**
**Our File Number:  J1017-101**

4
5
6

**CERTIFICATE OF SERVICE**
[Fed.R.Civ.P. 5(b), 5(d), 6(e); LR 5-135]

7

I, Sheena Tatum-Barton, certify:

8
9
10

I am employed by Nageley, Meredith, Kirby & Winberry, Inc., in the County of Sacramento, State of California.  I am over the age of eighteen years and not a party to the above-referenced case.  My business address is 8801 Folsom Boulevard, Suite 172, Sacramento, California 95826.  On this date I served the following document(s):

11
12
13

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH A SUBPOENA TO V.A. RODDEN, INC., OR, IN THE ALTERNATIVE, FOR ISSUANCE OF AN ORDER TO SHOW CAUSE RE CONTEMPT**

14
15
16
17
18

xx  **BY MAIL.**  By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in a box designated by my employer for collection and processing of correspondence for mailing with the United States Postal Service, addressed as set forth below.  I am readily familiar with the business practices of my employer for the collection and processing of correspondence for mailing with the United Stated Postal Service.  The correspondence placed in the designated box is deposited with the United States Postal Service at Sacramento, California, the same day in the ordinary course of business.

19
20
21

Custodian of Records
V.A. Rodden, Inc.
4000 Ellenwood Road
Oakdale, CA 95361

22
23
24

I certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this certification was executed on October 13, 2016, at Sacramento, California.

25
26
27

Sheena Tatum-Barton

28