UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY RODDEN JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD CALONE, et al.,<br><br>Defendants. | No. 2:16-cv-0891-TLN-KJN<br><br><br><br>ORDER |

On March 9, 2017, this case was before the undersigned to address plaintiff Dorothy Rodden Jackson's ("plaintiff") motion to compel compliance with three third party subpoenas she served on non-party William Jackson in his various capacities. (ECF Nos. 62, 62, 64.)[1] Also before the undersigned was plaintiff's motion to compel compliance with the third party subpoena she served on non-party V.A. Rodden, Inc. (ECF No. 61.) Attorney James Kirby appeared on behalf of plaintiff. Attorney Tyler Kelly appeared on behalf of William Jackson and V.A. Rodden, Inc.

////

////

---

[1] Specifically, these three motions are directed to William Jackson individually (ECF No. 64), and in his capacities as Trustee of the Dorothy and Donald Jackson Family Trust (ECF No. 62) and Trustee of the Dorothy and Donald Jackson Irrevocable Trust (ECF No. 63).

1

Based on plaintiff's motions and the parties' joint statements regarding these discovery disputes, other relevant filings, and oral arguments, and for the reasons discussed below and on the record during the hearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to compel compliance with all three motions regarding the subpoenas served on William Jackson (ECF Nos. 62, 63, 64) and the one subpoena served on V.A. Rodden, Inc. (ECF No. 61) are GRANTED.

2. Within 30 days from the date of the March 9, 2017 hearing on this matter, William Jackson and V.A. Rodden, Inc. shall produce all documents within their possession or control responsive to each request contained in plaintiff's subpoenas currently at issue. Both third parties shall also identify all documents produced by their Bates-stamp numbers and clearly identify to which request or requests each produced document is responsive. Both third parties are further required to produce to plaintiff a privilege log clearly identifying any responsive documents they have withheld and the basis for their withholding with respect to each withheld document.

3. Plaintiff's request for monetary sanctions in the form of attorneys' fees she has incurred in obtaining compliance with the subpoenas at issue is DENIED without prejudice to renewal if either third party subject to this order fails to timely comply with it in full. The court declines to order sanctions at this juncture because Federal Rule of Civil Procedure 45 does not contemplate the imposition of such sanctions for a failure to comply with a third party subpoena. Furthermore, while the court could impose the requested sanctions pursuant to its inherent power to punish William Jackson and V.A. Rodden, Inc. for their dilatory conduct with regard to plaintiff's subpoenas, it finds such sanctions inappropriate at this juncture in light of Federal Rule of Civil Procedure 45(d)(2)(B)(ii)'s directive that the court protect third parties from incurring "significant expense resulting from compliance" with subpoenas. However, both third parties subject to this order are cautioned that if either fails to fully and timely comply with this order, then the court will likely look favorably upon a renewed request for monetary sanctions by plaintiff seeking to recoup both the fees

she now requests and any additional reasonable fees she is required to incur in attempting to obtain compliance with this order.

4. This order resolves the motions to compel filed at ECF Nos. 55, 56, 57, 59, 61, 62, 63, and 64.[2]

IT IS SO ORDERED.

Dated: March 10, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The motions to compel filed at ECF Nos. 55, 56, 57, and 59 seek the same relief as the amended motions filed at ECF Nos. 61, 62, 63, and 64 that are currently before the court. While the amended motions supersede plaintiff's original motions, plaintiff has not yet sought to withdraw the original motions. Accordingly, the court resolves those earlier-filed motions through this order in addition to plaintiff's amended motions.