UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY RODDEN JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD CALONE; CALONE & HARREL LAW GROUP, LLP; CALONE & BEATTIE, LLP; and CALONE LAW GROUP, LLP,<br><br>Defendants. | No.: 2:16-cv-00891-TLN-KJN<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

This matter is before the Court on Defendants' Richard Calone, Calone & Harrel Law Group, LLP, Calone & Beattie, LLP, and Calone Law Group, LLP[1] (together "Defendants") Motion to Dismiss. (ECF No. 11.) Plaintiff Dorothy Jackson ("Plaintiff") opposed Defendants' motion. (ECF No. 13.) Defendants filed a reply to Plaintiff's opposition. (ECF No. 15.) The Court has carefully considered the briefing filed by both parties. For the reasons outlined below, Defendants' Motion to Dismiss (ECF No. 11.) is hereby DENIED.

///

///

///

---

[1] Defendant Richard Calone has interest in and rendered legal services to Plaintiff from the three corporate defendants. For ease of discussion, the Court addresses the arguments raised by the parties in connection with Defendant Calone with the understanding that the decision applies equally to the corporate entities as well.

1

**I.  FACTUAL BACKGROUND**

Plaintiff asserts a variety of claims against Defendant Richard Calone ("Defendant Calone"), former attorney for the Plaintiff, arising out of the legal services he provided to her regarding the preparation of a family trust. (Compl., ECF No. 1.) Plaintiff alleges she and her husband, Donald, retained Defendant Calone to prepare a revocable family trust in 1993 ("the 1993 Trust") which would equally divide the property in the trust to their three children, Bill, Thomas, and Terry upon the death of the surviving spouse. (ECF No. 1 ¶ 7.) The property placed in the trust included: an interest in a partnership, an interest in a limited liability company (the "Florida Avenue LLC"), and 110 property shares in the Rodden family corporation, V.A. Rodden, Inc. ("V.A. Rodden"). (ECF No. 1 ¶ 8.)

In 2005, Plaintiff informed Defendant Calone that she and her husband, Donald, were separating. (ECF No. 1 ¶ 15.) Defendant Calone then drafted a marital property transmutation agreement ("the Marital Agreement") effectively transmuting all of Plaintiff and her husband's separate property into community property. (ECF No. 1 ¶ 15.) Plaintiff alleges Defendant Calone suggested she "could gain considerable tax advantage under current tax law by 'transmuting' all of [her] separate property into community property." (ECF No. 1 ¶ 16.) Plaintiff contends that she was not given any manifestation of the purported transmutation until years later. (ECF No. 1 ¶ 17.)

During that same year, Defendant Calone made an amendment to the 1993 Trust ("the 2005 Amendment") allowing the trustees (Plaintiff and her husband) to transfer the interest from the Florida Avenue LLC and V.A Rodden to Plaintiff's son, Bill, as gifts during the Plaintiff and her husband's lifetime, making the 1993 Trust irrevocable as amended. (ECF No. 1 ¶ 20.)

In 2007, Plaintiff moved to Hawaii. Plaintiff contends that despite having her new contact information in Hawaii, Defendant Calone failed to inform her of any of the events described in the Complaint after relocating. (ECF No. 1 ¶ 21.)

In December 2007, Defendant Calone prepared a gift of a portion of the interest in the Florida Avenue LLC to Bill. Defendant Calone made additional gifts of interest in the Florida Avenue LLC to Bill in 2008, 2009, 2010, 2011, and 2012. (ECF No. 1 ¶¶ 22-23.)

In 2009, Defendant Calone amended the 1993 Trust again ("the 2009 Amendment") to add a no-contest clause and replace two of Plaintiff's children, Thomas and Terry, as potential successor trustees with Bill's daughter, Nicole. (ECF No. 1 ¶ 24.)

In 2012, Defendant Calone prepared a grantor trust ("the 2012 Trust") with Bill as trustee, Plaintiff and her husband, Donald, as settlors, and Bill and his wife, Nancy, as beneficiaries. (ECF No. 1 ¶ 26.) In December of 2012, Plaintiff alleges Defendant Calone orchestrated transfers of the remaining interest in the Florida Avenue LLC and the 110 shares in V.A. Rodden from the 1993 Trust to the 2012 Trust. (ECF No. 1 ¶ 26.) Plaintiff alleges that Defendant Calone deliberately and fraudulently failed to transfer ownership of the shares in V.A. Rodden's bookkeeping records to conceal the purported transmutation, the intervening transfers, and the effect of the 2012 trust. (ECF No. 1 ¶ 29.)

Plaintiff alleges that at all times relevant to the Complaint, she suffered from a diabetic macular edema affecting her vision and making her unable to read. (ECF No. 1 ¶ 11.) As a result, Plaintiff admits to signing some legal documents without reading them prior to 2007. However, Plaintiff alleges that some signatures were not made by her hand, but rather were forged or signed with a stamp that V.A. Rodden had made of her signature. (ECF No. 1 ¶ 11.)

Plaintiff alleges her granddaughter, Nicole, the V.A. Rodden bookkeeper, wrote her in 2015 to tell her she had run out of money. (ECF No. 1 ¶ 30.) After receiving the letter from her granddaughter Nicole, Plaintiff learned of the events described in the Complaint through investigation by counsel.

**II.     STANDARD OF LAW**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 350 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*,

373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

4

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

Plaintiff's Complaint asserts four separate claims: (1) Professional Negligence; (2) Breach of Fiduciary Duty; (3) Constructive Fraud; and (4) Financial Elder Abuse. (ECF No. 1.) Defendant Calone contends that all of the claims are time barred by the applicable statute of limitations and none of Plaintiff's claims sufficiently state a claim for relief. (ECF No. 11-1 at 10–11.) Specifically, Defendant Calone asserts that all of Plaintiff's claims sound in fraud, and do not allege facts sufficient to meet either the heightened pleading standard required by Federal Rule of Civil Procedure 9(b) or the traditional pleading standard required by Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11-1 at 5–6.) Defendant Calone further contends that Plaintiff was informed of all transactions made in her name and signed them, giving her constructive notice of the transactions and making her ineligible to toll the applicable statute of limitations under the discovery rule. (ECF No. 11-2 at 19–23.)

Plaintiff asserts that she alleges facts sufficient to state a claim for relief on all counts and that she is eligible to toll the applicable statute of limitations. (ECF No. 13.) Plaintiff maintains that she was not given any notice of the transactions Defendant Calone prepared and believes some of the signatures affixed to the transactions were not placed by her hand. (ECF No. 13.)

The Court addresses each claim in turn first determining if Plaintiff's claims are time-barred and next analyzing the sufficiency of Plaintiff's claims.

///

///

### A. Timeliness under the Statute of Limitations

Defendant Calone contends all four of Plaintiff's claims are time barred. (ECF No. 11-1 at 17–25.) Defendant Calone asserts that the statute of limitations for both a professional negligence claim and a breach of fiduciary duty claim is one year from the date Plaintiff discovers or should have discovered the facts constituting malpractice or four years from the date of the wrongful act or omission, whichever occurred first. (ECF No. 11-1 at 23–24.) Defendant Calone contends that the statute of limitations for a constructive fraud claim is three years, and the statute of limitations for a financial elder abuse claim is four years. (ECF No. 11-1 at 24.) Finally, Defendant Calone argues that the accrual date for all of Plaintiff's claims occurred after the statute of limitations for each of the claims expired, and therefore, Plaintiff's April 28, 2016, filing is time-barred. (ECF No. 11-1 at 17.)

Plaintiff does not dispute that these are the appropriate statutes of limitations. However, she disputes the correct accrual dates for each claim. (ECF No. 13 at 8.) Plaintiff filed her Complaint on April 28, 2016. (ECF No. 1.) Plaintiff contends that she did not become aware of her claims until May 6, 2015, when the V.A. Rodden bookkeeper, Plaintiff's granddaughter Nicole, contacted Plaintiff to inform her that she had run out of money. (ECF No. 1 ¶ 30.) Plaintiff contends that she is eligible to toll the statute of limitations on her claims under the discovery rule. (ECF No. 13 at 8.)

### i. *The Discovery Rule*

Where a fiduciary obligation is present, the courts have recognized a postponement of the accrual of the cause of action until the beneficiary has knowledge or notice of the act constituting a breach of fidelity. *WA Sw. 2, LLC v. First Am. Title Ins. Co.*, 240 Cal. App. 4th 148, 192 (2015), citing *Eisenbaum v. Western Energy Resources, Inc*. 218 Cal. App. 3d 314, 324 (1990). To rely on a claim of delayed discovery, a plaintiff must allege facts showing that the basis of the

claim could not have been discovered earlier, even in the exercise of reasonable diligence, and identifying how and when the plaintiff discovered the fraud. *Briosos v. Wells Fargo Bank*, No. C 10–02834 LB, 2011 WL 1740100, at *4 (N.D. Cal. May 5, 2011). *See also Fox v. Ethicon Endo–Surgery.*, 35 Cal. 4th 797, 808 (2005) ("plaintiff claiming application of the discovery rule must plead facts showing 'the inability to have made earlier discovery despite reasonable diligence'"). "A plaintiff need not be aware of the specific 'facts' necessary to establish the claim; that is a process contemplated by pretrial discovery. Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1111 (1988).

The existence of a trust relationship limits the duty of inquiry. Thus, when a potential plaintiff is in a fiduciary relationship with another individual, the plaintiff's burden of discovery is reduced and they are entitled to rely on the statements and advice provided by the fiduciary. *WA Sw2.*, 240 Cal. App. 4th 148, 192 (2015), citing *Eisenbaum v. Western Energy Resources, Inc.*, 218 Cal. App. 3d 314, 324 (1990). Under the continuous representation doctrine, the statute of limitations can be tolled if "[t]he attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred...." Cal. Code Civ. Pro. § 340.6. The continuous representation rule, as codified in section 340.6, subdivision (a), is not triggered by the mere existence of an attorney-client relationship. Cal. Code Civ. Pro. § 340.6(a)(2). The statute's tolling language addresses a particular phase of such a relationship: representation regarding a specific subject matter. *Pension Tr. Fund for Operating Engineers Local 3 v. McMorgan & Co.*, No. CIVS06904 WBS JFM, 2006 WL 2788340, at *8 (E.D. Cal. 2006). Moreover, the limitations period is not tolled when an attorney's subsequent role is only tangentially related to the legal representation the attorney provided to the plaintiff. *Id.* The continuous representation tolling rule assumes a relationship between the parties that is not sporadic, but which develops and continues from the professional services in which the alleged malpractice occurred. *Foxborough v. Van Atta*, 26 Cal. App. 4th 217, 525 (1994).

The Court addresses Plaintiff's eligibility for tolling by continuous representation in sections ii, iii, and iv, and finds that Plaintiff's claims are timely under the discovery rule.

Therefore, Defendant Calone's Motion to Dismiss Plaintiff's causes of action as time barred is DENIED.

      *ii.*      *Claim One: Professional Negligence*

Defendant Calone submits, and Plaintiff does not dispute, that the statute of limitations for professional negligence is one year. *See McGee v. Weinberg*, 97 Cal. App. 3d 798, 804 (1979). Defendant Calone argues that the date of accrual occurred in 2005 when Plaintiff began incurring the damage from the completion of the Marital Agreement. (ECF No. 11-1 at 18.) In contrast, Plaintiff argues accrual should be tolled until the date she discovered Defendant Calone's alleged negligence in May 2015. (ECF No. 13 at 8–9.)

"Under the general rule, a cause of action accrues when, under the substantive law, the wrongful act is done, or the wrongful result occurs, and the consequent liability arises. In other words, it accrues when the cause of action is complete with all of its elements." *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, (1999). Thus, with respect to negligence, the statute of limitations does not accrue until the plaintiff sustains an injury because "the mere breach of a... duty does not suffice to create a cause of action for negligence." *Sahadi v. Scheaffer*, 155 Cal. App. 4th 704, 715 (2007).

Plaintiff adequately alleges that she did not become aware of Defendant Calone's negligence until her granddaughter, Nicole, the V.A. Rodden bookkeeper, contacted her in May 2015 to let her know that she "had run out of money." (ECF No. 1 ¶ 30.) Plaintiff alleges that she relied upon Defendant Calone to advise her financially regarding her separation from her husband, Donald, and was aware that Defendant Calone advised her to enter into the Marital Agreement in 2005. (ECF No. 1 ¶ 16.) She further alleges that Defendant Calone did not disclose the conflicts of interest presented by his representation for this transaction, and that she did not receive any manifestation detailing her agreement to the Marital Agreement until years later. (ECF No. 1 ¶ 17.)

Overall, the Complaint contains enough facts detailing Defendant Calone's fiduciary duty to the Plaintiff to establish the sort of "continuous representation" required to invoke the discovery rule, effectively tolling the statute of limitations. According to Defendant Calone, after

completing the initial legal assignment for Plaintiff regarding the preparation of her 1993 Trust, his representation with Plaintiff should be considered completed and not considered "continuous representation". (ECF No. 11-1 at 19–21.) The Court disagrees. Defendant Calone's numerous amendments to and gifts from the 1993 Trust he prepared are sufficient to constitute continuous legal representation. Plaintiff had no reason to seek clarity regarding the Marital Agreement through May 2015 because all subsequent amendments and transactions concerned the original 1993 Trust and are far more than 'tangentially related.' Based on these allegations, Plaintiff's April 2016 Complaint was timely filed within the one-year statute of limitations that began in May 2015.

### iii. Claim Two: Breach of Fiduciary Duty

Defendant Calone argues that Plaintiff's claim for relief for breach of fiduciary duty alleged against him is barred by the statute of limitations pursuant to California Civil Procedure Code § 340.6. (ECF No. 11-1 at 17–25.)

The California Code of Civil Procedure does not specify a statute of limitations for breach of fiduciary duty or breach of a confidential relationship. Accordingly, the selection of the proper statute of limitations provision is determined by the "gravamen" of the plaintiff's complaint. *Robuck v. Dean Witter & Co., Inc.*, 649 F.2d 641, 645 n.2 (9th Cir. 1990); *Day v. Greene*, 59 Cal. 2d 404, 411 (1963) ("The statute of limitations to be applied is determined by the nature of the right sued upon, not by the form of the action or the relief demanded.").

Plaintiff's Complaint alleges that Defendant Calone breached his fiduciary duty by virtue of both: (1) omitting his conflicting attorney-client relationship with Plaintiff's husband and V.A. Rodden; and (2) failing to disclose the transactions he made in Plaintiff's name to her. (ECF No. 1 ¶¶ 37 & 38.) It is not clear from the pleadings that the gravamen of Plaintiff's claims is based on Defendant Calone's breach of fiduciary duties as her attorney or from fraud — both theories appear to be equally pled. As such, it is not clear whether the one-year statute of limitations applies or a longer one. *See, e.g.*, Cal. Code Civ. Proc. § 338(d) (providing three-year statute of limitations applicable to fraud).

Even assuming that the shorter statute of limitations i.e., one year, applied to Plaintiff's claims, Defendant Calone has not shown that the claims would be barred. Plaintiff alleges that Defendant Calone breached his fiduciary obligation beginning in 2005 continuing into December 2012. (ECF No. 1 ¶ 27.) As discussed above, Plaintiff has alleged sufficient facts within her Complaint to establish the "continuous representation" required to invoke the discovery rule, effectively tolling the statute of limitations until she discovered the breach in May 2015. Because Plaintiff filed her Complaint in April 2016, Plaintiff is within the statute of limitations. Accordingly, Plaintiff is not time-barred from pursuing her breach of fiduciary duty claim.

       *iv.    Claim Three: Constructive Fraud*

A viable fraud claim must aver: (1) the defendant made a false representation as to a past or existing material fact; (2) the defendant knew the representation was false at the time it was made; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably and reasonably relied on the representation; and (5) the plaintiff suffered resulting damages. *Ragland v. U.S. Bank National Association*, 209 Cal. App. 4th 182, 199–200 (2012). As stated in California's Code of Civil Procedure § 338, a cause of action for fraud must be brought within three years. However, "[t]he cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud." Cal. Code Civ. Proc. § 338(d).

As stated above, Defendant Calone's continuous representation of Plaintiff entitles her to invoke the discovery rule and toll her constructive fraud claim until May 2015, when Plaintiff ended her professional relationship with Defendant Calone. Accordingly, Plaintiff's April 2016 filing was timely under the applicable three-year statute of limitations.

       *v.    Claim Four: Financial Elder Abuse*

Under California's Elder Abuse and Dependent Adult Civil Protection Act, elder financial abuse occurs when a person or entity "[t]akes, secretes, appropriates or retains real or personal property of an elder" or assists in doing so "for a wrongful use or with intent to defraud, or both." Cal. Welf. & Inst. Code § 15610.30(a)(1)–(2). "A person or entity shall be deemed to have taken, secreted, appropriated, obtained, or retained property for a wrongful use if, among other things,

the person or entity takes, secretes, appropriates, obtains, or retains the property and the person or entity knew or should have known that this conduct is likely to be harmful to the elder or dependent adult" sixty-five years of age or older. *Id.* §§ 15610.27; 15610.30(b). The statute of limitations allows "four years after plaintiff discovers, or through exercise of reasonable diligence, should have discovered, the facts constituting financial abuse" for a plaintiff to bring a claim, and generally begins to run only once damages have been sustained. Cal. Welf. & Inst. Code § 15657.7.

According to Plaintiff's Complaint, Defendant Calone committed fraudulent acts to take and assist in the taking of Plaintiff's personal property with intent to defraud her. Specifically, Plaintiff avers Defendant Calone took advantage of Plaintiff's lack of financial expertise, education level, and age to orchestrate the transmutation of her property. (ECF No. 1 ¶ 48–54.) Further, he encouraged Plaintiff through misrepresentations and omissions to agree to the Marital Agreement (ECF No. 1 ¶ 49), in an effort to enrich Plaintiff's son, Bill, and in turn, himself, with the proceeds. (ECF No. 1 ¶ 26.)

In spite of the allegations made in the Complaint, Defendant Calone asserts Plaintiff had knowledge of and signed the 2005 Marital Agreement, and therefore had only until 2009 to bring this claim. (ECF No. 1-11 at 22.) While Plaintiff does aver that in 2005, she was advised to transmute her property, she did not allege that she signed the Marital Agreement[2] or received notice that the Marital Agreement was completed. (ECF No. 13 at 9.) Taking Plaintiff's allegations as true, Plaintiff had no idea, nor should she necessarily have gleaned from Defendant Calone's legal advice, that all of the assets she placed into the 1993 Trust would be subject to divesture or that she may have been swindled.

Indeed, it was not until 2015, when Plaintiff contends she received a letter from her granddaughter, Nicole, informing her she was out of money, that Plaintiff might first have had reason to believe she had been defrauded. With help from new counsel, Plaintiff made a diligent

---

[2] Plaintiff originally alleges in the Complaint that she signed the Marital Agreement and clarifies within her opposition that "[t]he Agreement is 'signed' in the sense that it contains a signature. Some signatures were not placed there by Dorothy's own hand…Whether the agreement is one of them will be the subject of discovery." (ECF No. 13 at 9.)

effort to uncover the financial transactions leading up to the present situation. Having made a more than reasonable effort to understand her newly insolvent financial status as soon as she had reason to believe such efforts were necessary, Plaintiff should not be barred now from holding Defendant Calone accountable simply because Defendant Calone's efforts to avoid detection were, for a number of years, successful. Defendant Calone's "continuous representation" of the Plaintiff is sufficient to invoke the discovery rule, tolling the statute of limitations until her discovery of the fraud in May 2015.

As this suit was commenced just a year after Plaintiff might first have discovered her potential claims, Plaintiff is not time-barred from pursuing her elder abuse claim.

### B. Sufficiency of Plaintiff's Claims

Defendant Calone contends all four claims are insufficiently pled under the heightened pleading standard established under Federal Rule of Civil Procedure 9(b). (ECF No. 11-1.) Defendant Calone asserts that Plaintiff has only alleged conclusory allegations and has not sufficiently pled facts. (ECF No. 11-1 at 5.) Plaintiff counters that all four claims have been pled with sufficient specificity to put Defendant Calone on notice of the claims against him. (ECF No. 13 at 4–8.)

#### i. 9(b) Heightened Pleading Standard

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "Therefore, in an action based on state law, while a district court will rely on state law to ascertain the elements of fraud that a party must plead, it will follow Rule 9(b) in requiring that the circumstances of the fraud be pleaded with particularity." *Marolda v. Symantec Corp.*, 672 F.Supp. 2d 992, 997 (N.D. Cal. 2009); see also *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). "[W]hen the claim is 'grounded in fraud,' the pleading of that claim as a whole is subject to Rule 9(b)'s particularity requirement." *Marolda*, 672 F.Supp. 2d at 1245 (*citing Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003)). Rule 9(b) requires the plaintiff to allege "the who, what, when, where, and how" of the alleged fraudulent conduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). A plaintiff must describe the alleged fraud in specific enough terms "to give

defendants notice of the particular misconduct so that they can defend against the charge." *Kearns*, 567 F.3d at 1124.

   *ii.*  *Claim One: Professional Negligence*

  Defendant Calone argues that Plaintiff's professional negligence claim fails under the heightened pleading standards for claims sounding in fraud. (ECF No. 11-1 at 13–15.) In particular, Defendant Calone argues that Plaintiff has not alleged the specific "who, what, when, where, why" of the alleged fraudulent conduct. (ECF No. 11-1 at 13–15.) Plaintiff argues that her professional negligence claim meets the heightened pleading standards. (ECF No. 13.) The Court agrees.

  To state a cognizable claim for professional negligence, a plaintiff must allege the following four elements: (i) the existence of the duty of the professional to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (ii) breach of that duty; (iii) a causal connection between the negligent conduct and the resulting injury; and (iv) actual loss or damage. *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

  Plaintiff's Complaint alleges a specific duty owed by Defendant Calone, "to exercise due care[, t]hose duties were heightened by his special expertise and certification as an expert in tax law…. [Defendant] Calone negligently failed to use the care and skill required of an attorney who owed these duties to Dorothy as a client and, alternatively, as a former client." (ECF No. 1 ¶¶ 33–36.) It also alleges that Defendant Calone breached his duty of care "in performing the acts described and failing to disclose as detailed in the Complaint." (ECF No. 1 ¶ 35.) Finally, Plaintiff alleges causation and damages. Specifically, the Complaint alleges that Plaintiff acted in reliance on the Defendant Calone's misrepresentations and omissions, that Defendant Calone left Plaintiff uninformed of various legal transactions made in her name as related to the 1993 Trust, and that Plaintiff has been damaged in an amount exceeding $75,000 as a result of those misrepresentations and omissions. (*Id.* at 10 ¶¶ 33–36.) No more is required under federal pleading standards. *See Starr v. Baca*, 652 F.3d 1202, 1208-17 (9th Cir. 2011).

1          Accordingly, the Court finds Plaintiff has pled facts sufficient to allege her professional

2    negligence claim.

3              iii.     *Claim Two: Breach of Fiduciary Duty*

4          "In order to plead a claim for breach of fiduciary duty, the claimant must allege (1) the

5    existence of a fiduciary relationship giving rise to a fiduciary duty, (2) breach of that duty, and (3)

6    damage proximately caused by the breach." *Migliaccio v. Midland Nat. Life Ins. Co.*, CV 06–

7    1007 CASMANX, 2007 WL 316873, at * 10 (C.D. Cal. Jan. 30, 2007) (*citing Pierce v. Lyman*, 1

8    Cal. App. 4th 1093, 1101 (1990)). Whether a fiduciary relationship exists is a question of fact.

9    *Id.* (*citing Michelson v. Hamada*, 29 Cal. App. 4th 1566, 1575–1576 (1994)).

10         The Complaint alleges sufficient facts to support the formation of a fiduciary relationship

11   under the heightened pleading standard for claims sounding in fraud. It is clear that Plaintiff

12   contracted with Defendant Calone for professional services as an individual at a time before he

13   drafted the 1993 Trust on her behalf. (ECF No. 1 at 4.) Plaintiff retained Defendant Calone as a

14   fiduciary, and Defendant Calone therefore undertook the high duties of honesty and loyalty to

15   her. Specifically, Plaintiff hired and relied on Defendant Calone as a financial advisor and estate

16   planner. She entrusted Defendant Calone with a large portion of her financial assets.

17         Plaintiff has sufficiently alleged that Defendant Calone's conduct constituted a breach in

18   his fiduciary duties to her. For example, Plaintiff provided evidence that Defendant Calone

19   represented both her and her husband Donald, her son, Bill, and V.A. Rodden when their interests

20   were adverse, without obtaining a sufficient conflict waiver. (ECF No. 1 ¶ 16.) Plaintiff further

21   alleges that Defendant Calone failed to inform her regarding various legal transactions being

22   made in her name, proximately causing her eventual financial ruin and draining her of the interest

23   she had in the 1993 Trust. (ECF No. 1 ¶ 28.) Plaintiff has alleged the facts surrounding the

24   dubious transactions with sufficient specificity under the heightened pleading standard.

25         Because all material allegations in the Complaint must be taken as true and construed in

26   the light most favorable to the Plaintiff, this Court finds that Plaintiff has adequately alleged

27   sufficient facts entitling her to relief. Defendant Calone's Motion to Dismiss Plaintiff's Breach of

28   Fiduciary Duty claim against him must be denied.

    *iv.*  *Claim Three: Constructive Fraud*

    To state a claim for constructive fraud under California law, a plaintiff must allege: (1) a fiduciary or confidential relationship; (2) an act, omission or concealment involving a breach of that duty; (3) reliance; and (4) resulting damage. Cal. Civ. Code § 1573; *Dealertrack, Inc. v. Huber*, 460 F.Supp. 2d 1177, 1183 (C.D. Cal. 2006). Thus, a plaintiff need not establish fraudulent intent to assert a viable constructive fraud claim as long as the parties are in a fiduciary or confidential relationship. *Sandy v. McClure*, 676 F.Supp. 2d 866, 882 (N.D. Cal. 2009). That being said, Plaintiff's constructive fraud claim is still subject to the particularity requirement under Rule 9(b). *See Lugo v. Bank of Am.*, N.A., No. 2:11–CV–01956–MCE, 2012 WL 893878, at *5 (E.D. Cal. Mar. 15, 2012).

    As a general principle, constructive fraud comprises any act, omission, or concealment involving a breach of legal or equitable duty, trust, or confidence which results in damage to another even though the conduct is not otherwise fraudulent. *In re Harmon*, 250 F.3d 1240, 1249 (9th Cir. 2001). Most acts by an agent in breach of his fiduciary duties constitute constructive fraud. *Id.* The failure of the fiduciary to disclose a material fact to his principal which might affect the fiduciary's motives or the principal's decision, which is known (or should be known) to the fiduciary, may constitute constructive fraud. *Id.* Also, a careless misstatement may constitute constructive fraud even though there is no fraudulent intent. *Id.* The Ninth Circuit explained that allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).

    Plaintiff's Complaint provides Defendant Calone with sufficient notice as to his role in the alleged fraudulent scheme. *See Swartz v. KPMG, LLP*, 476 F.3d 756, 765 (9th Cir. 2007). Plaintiff alleges a series of fraudulent transactions prepared and executed by Defendant Calone, and sufficiently provides the particulars of when, where, and how the alleged conspiracy occurred. She alleges that Defendant Calone drafted and executed significant financial contributions from the 1993 Trust to her son, Bill, and she offers adequate specifics as to when

15

and between whom the money changed hands. She charges that Defendant Calone left her uninformed of the various legal transactions being made in her name and affecting her interest, and later sought to conceal his fraud by improperly documenting the bookkeeping records for V.A. Rodden.

///

///

Because the Complaint's factual allegations offered in support of Plaintiff's claim sufficiently comply with Rule 9(b)'s pleading requirements, the Court denies Defendant Calone's Motion to Dismiss Plaintiff's constructive fraud claim.

    *v.*    Claim Four: Financial Elder Abuse

The California Legislature enacted the Elder Abuse Act, Cal. Welf. & Inst. Code §§ 15600–15675, "to protect elders by providing enhanced remedies which encourage private, civil enforcement of laws against elder abuse and neglect." *Negrete v. Fid. & Guar. Life Ins. Co.*, 444 F.Supp. 2d 998, 1001 (C.D. Cal. 2006).

A person is considered an "elder" under the Act if the person is sixty-five years of age or older. Cal. Welf. & Inst. Code § 15610.27.12. Financial elder abuse is defined in subsection 15610.30(a), which provides:

> "Financial abuse" of an elder or dependent adult occurs when a person or entity does any of the following: (1) Takes, secretes, appropriates, or retains real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both. (2) Assists in taking, secreting, appropriating, or retaining real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both.

Cal. Welf. & Inst. Code § 15610.30(a)(1)–(2). A person or entity is "deemed to have taken, secreted, appropriated, or retained property for a wrongful use if, among other things, the person or entity takes, secretes, appropriates or retains possession of property in bad faith." *Id.* § 15610.30(b). A person or entity "is deemed to have acted in bad faith if the person or entity knew or should have known that the elder ... had the right to have the property transferred or made readily available to the elder ... or to his or her representative." *Id.* § 15610.30(b)(1). Lastly, a person should have known of such a right "if, on the basis of the information received by the

person or entity or the person or entity's authorized third party, or both, it is obvious to a reasonable person that the elder ... has [such] a right." *Id.* § 15610.30(b)(2). To utilize the Elder Abuse Act's enhanced remedies, a plaintiff must prove "by clear and convincing evidence that the defendant has been guilty of recklessness, oppression, fraud, or malice in the commission of the abuse." *Id.* § 15657.5(b).

With respect to the Marital Agreement, Plaintiff alleges her son, Bill, received significant gifts, which were wrongfully obtained as a result of Defendant Calone's misrepresentations and omissions about the Marital Agreement. Further, Defendant Calone knew the transactions were less favorable to Plaintiff. *See Toscano v. Ameriquest Mortgage Co.*, No. 07-0957, 2007 WL 3125023, at *6 (E.D. Cal. Oct. 24, 2007). Therefore, Defendant Calone is liable under subsection 15610.30(a)(1). Cal. Welf. & Inst. Code § 15610.30(a)(1)–(2).

Accordingly, the Court denies Defendant Calone's Motion to Dismiss with respect to Plaintiff's Elder Abuse claim.

### IV. CONCLUSION

For the reasons set forth above, the Court hereby DENIES Defendant Calone's Motion to Dismiss. (ECF No. 11.) The parties are ordered to file a Joint Status Report within thirty (30) days of this order.

IT IS SO ORDERED.

Dated: October 25, 2017

Troy L. Nunley
United States District Judge

17