1 | Mark E. Ellis - 127159
Theresa M. LaVoie - 143773
2 | ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
3 | Sacramento, CA  95815
Tel: (916) 283-8820
4 | Fax: (916) 283-8821
mellis@ellislawgrp.com
5 | tlavoie@ellislawgrp.com

Attorneys for Defendants RICHARD CALONE; CALONE & HARREL LAW GROUP, LLP; CALONE & BEATTIE, LLP; CALONE LAW GROUP, LLP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY RODDEN JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD CALONE; CALONE & HARREL LAW GROUP, LLP; CALONE & BEATTIE, LLP; CALONE LAW GROUP, LLP,<br><br>Defendants. | Case No.: 2:16-cv-00891 TLN KJN<br><br>**STIPULATED PROTECTIVE ORDER** |

This Stipulated Protective Order ("Protective Order") is entered into by and between the parties to this action (collectively "Parties") by and through their counsel, in order to protect certain confidential information obtained by the Parties in connection with this Action.

**RECITALS**

A.  WHEREAS, the Parties have been or expect that they will be asked to produce documents, provide testimony and/or otherwise disclose confidential and/or proprietary business operations and/or financial information, medical records, and/or other information that requires protection as confidential and/or proprietary;

B.  WHEREAS, the disclosure of any such confidential information within this Action is made solely for purposes of this Action and should not be used for any other purpose; and

C.  WHEREAS, the Parties to this Action seek to establish procedures that will protect all

- 1 -
STIPULATED PROTECTIVE ORDER

confidential information while expediting the discovery process, limiting the occasion for discovery disputes regarding confidentiality, and facilitating the disposition by the Court of any disputes that may arise in connection with discovery.

**STIPULATION**

Now therefore, in consideration of the foregoing recitals which are incorporated by reference, IT IS HEREBY AGREED AND STIPULATED, by and between the Parties, through their respective attorneys of record, as follows:

**1. Application.**

This Stipulated Protective Order shall apply to all documents, materials, and information produced in this matter, including without limitation, documents relating to (1) tax returns; (2) bank account records; (3) financial documents showing income and expenses; (4) financial documents showing profits and losses; (5) medical records; and (6) financial records showing Plaintiff's alleged damages, including billing statements. This Stipulated Protective Order would also include answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the duties created by the Federal Rules of Civil Procedure.

**2. Definitions.**

2.1. The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2.2. "Document" means and refers to all things that come within the definition of "document" contained in Federal Rules of Evidence and Federal Rules of Civil Procedure 34(a), including, without limitation, documents of any kind, however reproduced and however transcribed; electronic recordings of any kind, including computer program files, data files, source code, CD-ROM or electronic mail; photographs or other visual or audio-visual recording of any kind, including still or motion pictures, microfilm, microfiche, videotapes or laser discs; and sound recording of any kind, including voice mail, cassette, microcassettes, or compact discs. Every original draft, iteration, or copy is a separate Document as that term is used herein.

2.3. "Confidential" shall mean information designated "Confidential" pursuant to

this Stipulated Protective Order. Information designated "Confidential" shall be information that is confidential and implicates common law and statutory privacy, proprietary business, commercial, and trade secret interests of the Parties as determined in good faith by the attorneys representing the Designating Party. Confidential documents, material, and/or information shall be used solely for purposes of this litigation (Case No. 2:16-cv-00891 TLN KJN) or otherwise if ordered by the Court.

2.4. "Confidential Information" shall mean any information meeting the definition of "Confidential" set forth in paragraph 2.3.

2.5. "Designating Party" shall mean the party in this Action, or his, her, or its representatives, designating a Document as "Confidential".

2.6. "Producing Party" shall mean the party producing Documents or providing testimony or other written discovery responses in the Action, whether informally or pursuant to the California Code of Civil Procedure and any other applicable laws or rules of court.

2.7. "Receiving Party" as used herein shall mean the party that receives Disclosure or Discovery Material in this action.

2.8 "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information or items under this Order.

2.8. "Legend" as used herein shall mean a stamp or similar insignia stating "Confidential" or other appropriate term or terms identifying the confidentiality of the Document.

2.9. When reference is made in this Protective Order to any Document, the singular shall include the plural, and plural shall include the singular.

**3. Designation of Documents.**

3.1. Any Producing Party may designate any document as "Confidential" that the producing party reasonably and in good faith believes contains or refers to Confidential Information.

3.2. The Producing Party may designate a Document as "Confidential" by affixing an appropriate Legend to all copies of the Document (or CD or disk produced) at the time of production. The Producing Party must make such designations at the time of production or within ten (10) days thereafter if such designations are inadvertently omitted.

3.3. A party may designate as "Confidential" a Document produced by someone else

by informing all Parties in writing of the Bates number or other information sufficient to identify such Document within twenty (20) days of that party's receipt of the Document or within twenty (20) days of the entry of this Protective Order, whichever is later.

      3.4.    Any party may designate a deposition or hearing transcript, in whole or in part, or any exhibit as "Confidential" by: (i) making such designation on the record during the deposition or hearing (in which case the stenographer shall affix the appropriate Legend to the cover page and all designated pages of the transcript and all copies thereof); or (ii) informing counsel for all other Parties of such designation in writing within twenty (20) days after receipt of the transcript (in which case any party in possession of an original or copy of the transcript shall affix the appropriate Legend to the cover page and all designated pages and exhibits).

**4.    Provisions and Limitations of Use.**

      4.1.    All Confidential Documents in this Action shall be used solely for purposes of the prosecution, defense or settlement of this Action (Case No. 2:16-cv-00891 TLN KJN), including, without limitation, discovery, motions, briefs and preparation for the trial, and for no other purpose, unless otherwise stated within this Protective Order. This Protective Order does not affect the admissibility, or the use of Confidential Documents or Confidential Information at trial or in motions practice except as provided in Paragraph 12 (filing under seal).

      4.2    Unless the Designating Party agrees otherwise, and subject to the provisions regarding "Confidential" information below, documents designated "Confidential" and any summaries, charts, or notes of their contents, or any facts or information they contained or derived from them, shall not be disclosed to any person except:

      (i)    Counsel (including their agents, employees, or others acting on their behalf) for any Party;

      (ii)    Expert: Person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action;

      (iii)    Professional Vendors: Persons or entities that provide litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or demonstrations, and

organizing, storing, or retrieving data in any form or medium) and their employees ad subcontractors;

    (iv) The court and its personnel;

    (v) Court reporters and their staff, professional jury or trial consultants;

    (vi) During their depositions, witnesses in the action to whom disclosure is reasonably necessary;

    (vii) Counsel may disclose a Confidential Document to witnesses as reasonably necessary in preparation for trial, including in investigations, discovery, law and motion matters, or for purposes of mediation only; witnesses may not be permitted to retain a copy of a Confidential Document;

    (viii) The trier of fact at trial subject to *in limine* motions and objections of counsel;

    (ix) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

    (x) Any other person as to whom the Parties agree in writing that disclosure is appropriate, or as ordered by the Court.

  4.4 If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

  4.5 Duty to Inform of Order**.** Unless the Designating Party agrees otherwise, Documents designated "Confidential" may be disclosed to persons referred to in Section 4.2 only after such persons have been provided with and have reviewed a copy of this Protective Order. These persons shall date and sign the Nondisclosure Agreement attached as Attachment A. Counsel shall maintain signed Nondisclosure Agreements they obtain pursuant to this Order and produce copies to opposing counsel upon request.

  **5.** **No Admission.**

The parties have agreed to this Order to facilitate discovery and production of evidence. Neither the agreement to stipulate to this Order, counsel's designation of a document as "Confidential," nor counsel's failure to designate a document shall constitute an admission or

otherwise be admissible in this action. Nothing in this Order is a concession that a document designated "Confidential" is or is not admissible at trial.

**6. Copies.**

Any person who obtains access to material designated as "Confidential" under this Stipulated Protective Order shall not make copies, abstracts, extracts, analyses, summaries, or other materials which contain, reflect or disclose confidential information, except for use in this litigation, and each such copy, abstract, extract, analysis, summary, or other material which contains, reflects or discloses confidential information, is to be treated in accordance with the provisions of this Stipulated Protective Order. All copies of material stamped "Confidential" shall again be stamped with the respective designation if the original stamp was not reproduced in the duplicating process. In the event that copies are made in accordance with the foregoing, all such copies shall constitute, and be treated as, "Confidential" Documents as provided in this Protective Order. Any person making, or causing to be made, copies of any "Confidential" Documents, shall make certain that each copy bears the appropriate Legend pursuant to the requirements of this Protective Order.

**7. Manner and Timing of Designations.**

Except as otherwise provided in this Order (see, e.g., paragraph 7.3 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

7.1 For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the

documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

7.2 For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

7.3 For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**8. Agreement to Maintain Confidentiality.**

Unless and until otherwise ordered by the Court, or otherwise agreed by the Parties, all documents designated as "Confidential" shall be treated as such under this Protective Order.

**9. Challenging Confidentiality Designation.**

9.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

9.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of

STIPULATED PROTECTIVE ORDER

the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

9.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 251, Fed. R. Civ. P. 37 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.

In addition, the Challenging Party may file a motion challenging a confidentiality designation within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  This includes a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, or the Challenging Party has failed to file a motion, all parties shall continue to afford the material in question the level of protection to which it is entitled under the

1 | Producing Party's designation until the court rules on the challenge.

**10.  Objections to Designation.**

Following the receipt of documents marked "Confidential," the Parties may within a reasonable time object to the designation of such document or documents and seek a modification of such designation by serving a written objection on the Designating Party. Thereafter, the Parties shall make a good-faith effort to resolve such dispute. If the objecting party and the Designating Party are unable to resolve the objection, the Parties may seek Court intervention as set forth in Paragraph 9.3 above. The Designating Party at all times shall have the burden to show that the document or documents are correctly designated as "Confidential."

**11.  Separate Protective Order or Modification of This Protective Order.**

This Protective Order shall be without prejudice to the right of the Parties to the Action to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those specified in this Protective Order. In addition, this Protective Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Protective Order.

**12.  Filing Confidential Material.**

"Confidential" material can be filed in the public record of this Action. All such material that is filed with the Court shall be filed under seal pursuant to Local Rule 141 which requires Court approval. Further, the Parties acknowledge that they may be producing and receiving documents in discovery containing highly sensitive and private information, including, without limitation, bank account numbers, check numbers, social security numbers, and non-party payee and check signor identity information. In the event the Court denies a motion to file any such documents under seal, all Parties agree to redact any such information prior to filing documents in the public record of this Action.

**13.  Inadvertent Production of Confidential Documents or Information.**

The inadvertent production or disclosure of any Confidential Document or Confidential Information shall not in itself constitute a waiver or impairment of any claim of confidentiality, privilege or other protection from discovery. All Parties, however, reserve all rights to challenge the

confidential status of such inadvertent production or disclosure.  Upon learning that any Confidential Document or Confidential Information has been inadvertently disclosed, the party who disclosed the information shall make good faith and reasonable efforts to reclaim any such document and copies thereof that may have been provided to any third party and/or to prevent further disclosures or dissemination of such information.

### 14. Subpoena of Confidential Document or Confidential Information.

If at any time any Confidential Document or Confidential Information is subpoenaed, or otherwise requested by any other person or entity purporting to have authority to require the production of any such document or information, other than by the Parties to this Action for purposes of this Action, the party to whom the subpoena or other request is directed shall give written notice within three (5) business days thereof to the Designating Party and shall make no disclosure unless seven (7) court days have elapsed without written objection from the Designating Party or unless the Designating Party has consented in writing.

### 15. Continuation of Protection After Disposition.

The termination of proceedings in the Action shall not relieve any of the Parties from the obligation of maintaining the confidentiality of all Confidential Documents and Confidential Information produced and designated pursuant to this Protective Order, unless all of the Parties to the Action agree otherwise.  Upon the final disposition of the Action, the Parties shall within thirty (30) days either destroy or promptly return any Confidential Documents (and all copies) to the Producing Party provided, however, that the Parties' counsel shall be entitled to keep in their possession any court filings, deposition transcripts or hearing transcripts, legal memoranda, correspondence, all of which shall continue to be governed by this Protective Order.

### 16. No Interference With Ongoing Business.

This stipulation and Order are not intended to interfere with the ongoing business operations of any person or entity nor with Defendants' ability to represent their clients.  Should either purpose require a party to disclose or use a Document to a person or entity not subject to this Order, counsel for the party shall promptly bring this to the attention of opposing counsel beforehand.  Any dispute over the intended use will be resolved beforehand as provided in Paragraph 9.  Until the dispute is finally

resolved, the material or information will remain a Document subject to this Order.

The Parties agree to be bound by the terms of this Stipulation pending entry of the Protective Order by the Court.

IT IS SO STIPULATED.


Dated:  December 5, 2017                NAGELEY, KIRBY & WINBERRY, LLP


By:  */s/ James R. Kirby II*
    James R. Kirby II
    Attorney for Plaintiff
    DOROTHY JACKSON


Dated:  December 5, 2017
    ELLIS LAW GROUP LLP


By  */s/ Theresa M. LaVoie*
    Theresa M. LaVoie
    Attorney for Defendants
    RICHARD CALONE; CALONE & HARREL LAW GROUP, LLP; CALONE & BEATTIE, LLP; and CALONE LAW GROUP, LLP

IT IS SO ORDERED.

Dated:  December 12, 2017

    _____
    KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE