UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY RODDEN JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD CALONE; CALONE & HARREL LAW GROUP, LLP; CALONE & BEATTIE, LLP; and CALONE LAW GROUP, LLP,<br><br>Defendants. | No. 2:16-cv-00891-TLN-KJN<br><br><br>ORDER |

Presently pending before the court is plaintiff's motion for protective order pursuant to Federal Rule of Civil Procedure 26(c)(1), seeking to prevent the deposition of plaintiff, on the grounds that plaintiff "cannot be deposed without damaging her health, shortening her life span, and potentially causing her death, [and] there are no measures available to avoid the threat to her health and still permit her testimony." (ECF No. 124; see ECF No. 132.) This motion came on regularly for hearing on February 22, 2018, at 10:00 a.m. James R. Kirby, II and Lanny T. Winberry appeared on behalf of plaintiff, and Mark E. Ellis and Theresa M. LaVoie appeared on behalf of defendants. After considering the parties' joint statement, supporting documentation, and oral arguments, and for the reasons stated on the record at the hearing, the court finds as follows.

An informal telephonic discovery conference was held on January 10, 2018, regarding the issue of whether plaintiff could be deposed. In support of plaintiff's position that she could not be deposed, plaintiff provided a declaration from Mark Winchester, M.D., a consultative cardiologist who has not examined plaintiff. Dr. Winchester opined that

> the combination of advanced age, diabetes mellitus, moderate to severe [chronic kidney disease] and chronic [heart failure] are additive and put Ms. Jackson at extraordinarily high risk of death, heart attack, stroke, and hospitalization. . . . I am of the opinion that the risk of catastrophic cardiovascular event would be greatly increased if Ms. Jackson were to participate in a deposition in a contested lawsuit and the stress of such participation would put her in immediate physical danger, would almost certainly shorten her life expectancy, and could trigger any of a host of acute adverse cardiovascular events such as heart attack, stroke, cardiac arrhythmias and sudden death. It is possible that the chances of sudden cardiac death during a deposition are greater than the chances that she would survive such an ordeal.

(ECF Nos. 121 at 16–17; 132 at 89–90.)

After the informal discovery conference, the court ordered that "[p]laintiff SHALL BE DEPOSED on March 1, 2018, beginning at 9:00 a.m., in Hawaii, unless the parties stipulate otherwise. Parties shall meet and confer, with input from plaintiff's medical providers if appropriate, and determine how best to accommodate plaintiff's medical needs and defendants' right to discovery." (ECF No 123.)

On January 25, 2018, plaintiff filed the instant motion for protective order. (ECF No. 124.) At the hearing on the instant motion, parties indicated that they have explored ameliorative options, to no avail, including taking plaintiff's deposition in her condo, only deposing her for one hour a day, and allowing plaintiff multiple breaks during the deposition. Significantly, according to a supplemental declaration from Mark Winchester, M.D., there are no procedural precautions that could be taken to eliminate or substantially reduce the risks to plaintiff's health that a deposition poses. (ECF No. 132 at 111.) Moreover, plaintiff's treating physician Natalie Kong, M.D. observed that plaintiff was "despondent and had a depressed mood due to the stress of having to travel to her doctor's appointment" on January 25, 2018. (Id. at 115.) As a result, Dr. Kong opined that "[s]ince coming to the doctor's office caused such a profound change in Ms. Jackson's health I believe her participation in a deposition would have the same effect." (Id.)

2

During the hearing, there was some discussion whether defendant should be allowed to have an independent medical examiner examine plaintiff. It was agreed, however, that having plaintiff examined by an unfamiliar medical examiner would likely pose the same risks as having her deposed.

The court has also considered whether the court should temporarily stay the deposition, and order plaintiff to produce the relevant medical providers and consultant for an evidentiary hearing, but has decided that such a hearing would not be helpful and would not alter the conclusion that plaintiff is not medically fit to be deposed.

Moreover, the court has determined that it would be futile to order plaintiff to appear for the deposition, when it seems very likely that plaintiff would either not appear, or appear contrary to medical advice and while fearing for her life.

Therefore, based upon the the medical testimony in the declarations submitted by plaintiff (see ECF No. 132), and based upon the representation of Mr. Kirby at the hearing, plaintiff is no longer able to be deposed without a serious risk to her health, including the potential of death. Furthermore, based upon the declarations and Mr. Kirby's representation, there is no indication that plaintiff's condition will improve or change, absent a medical miracle, such that she may be safely deposed in the future.

In light of plaintiff's unavailability for deposition, defendants may renew or bring any motion for sanctions that they deem appropriate. Defendants may also depose the medical declarants, at their own cost. However, defendants shall not pay for the consultative fee, if any, of Dr. Winchester.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for protective order (ECF No. 124) is GRANTED.
2. Plaintiff shall not be deposed, based upon the declarations of plaintiff's medical providers and consultant, and based upon the representation of plaintiff's counsel.
3. Defendants may renew their motion for terminating sanctions, or bring forward any other motion for evidentiary rulings or sanctions deemed appropriate.
4. Defendants may depose Lokenani K. Souza, F.N.P., Natalie K. Kong, M.D., and Mark

| | |
|---|---|
| 1 | Winchester, M.D., at their own cost.  However, defendants shall not bear the burden of |
| 2 | paying for Dr. Winchester's consultative fee.  Nothing in this order prevents |
| 3 | defendants from seeking costs, related to these depositions, from plaintiff in a future |
| 4 | motion for sanctions. |
| 5 |     IT IS SO ORDERED. |
| 6 | Dated:  February 22, 2018 |

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/16-891.jackson.protective order