UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY RODDEN JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD CALONE; CALONE & HARREL LAW GROUP, LLP; CALONE & BEATTIE, LLP; and CALONE LAW GROUP, LLP,<br><br>Defendants. | No. 2:16-cv-00891-TLN-KJN<br><br><br>ORDER |

Presently pending before the court is plaintiff's motion to compel compliance with a subpoena and request for sanctions from non-party William Jackson. (ECF No. 141.) Plaintiff and non-party William Jackson submitted a joint statement regarding this dispute on March 29, 2018. (ECF No. 145.) This matter came on regularly for hearing on April 5, 2018, at 10:00 a.m. James R. Kirby appeared on behalf of plaintiff and Nicholas S. Seliger appeared on behalf of non-party William Jackson.

After carefully considering the briefing and the oral argument, and for the reasons stated on the record at the hearing, plaintiff's motion to compel (ECF No. 141) is granted in part and denied in part, without prejudice.

////

On July 17, 2017, plaintiff subpoenaed various documents from William Jackson. Subsequently, William Jackson provided responses and various objections. He refused to produce documents responsive to subpoena requests 7 through 10, which seek "billings generated by [Damrell, Nelson, Schrimp, Pallios, Pacher & Silva ("the Damrell firm")] related to four probate cases in Stanislaus County Superior Court." (ECF No. 145 at 2.)

As explained on the record, the court concludes that William Jackson's objections were timely. Moreover, plaintiff has not made a sufficient showing that the crime/fraud exception to the attorney-client privilege applies, at this juncture, to justify compelling disclosure of the contents of the specific billing invoices from the Damrell firm. During the hearing, however, Mr. Seliger and Mr. Kirby reached an agreement that William Jackson will provide certain additional disclosures to plaintiff, as outlined below.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 141) is GRANTED IN PART AND DENIED IN PART without prejudice, on the terms outlined in this order.
2. As stipulated, within 14 days of this order, non-party William Jackson will provide plaintiff with a breakdown of how much money William Jackson paid to the Damrell firm for each of the four probate cases in question. This disclosure will include a breakdown, by date, of the hours worked and total amount charged by the Damrell firm, related to these probate cases.

IT IS SO ORDERED.

Dated: April 6, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/16-891.jackson v. calone.order MTC

2