UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DOROTHY RODDEN JACKSON, | No. 2:16-cv-00891-TLN-KJN |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| RICHARD CALONE, et al., | |
| Defendants. | |

Presently pending before the court is plaintiff's motion to strike defendants' rebuttal expert witnesses, which was originally set for a hearing before the undersigned on December 6, 2018. (ECF No. 188.) The parties have since proposed to continue this hearing until December 20, 2018. (ECF No. 190.)

On January 26, 2018, District Judge Troy L. Nunley issued the scheduling order in this matter. (ECF No. 126.) Expert witnesses were to be disclosed not later than August 9, 2018. (Id. at 2.) This deadline, only, was later extended to September 10, 2018. (See ECF No. 167.) Within twenty days of the designation of expert witnesses, parties were permitted to designate a supplemental list of rebuttal expert witnesses. (ECF No. 126 at 2.) Importantly, counsel were instructed "to complete all discovery of expert witnesses in a timely manner in order to comply with the Court's deadline for filing dispositive motions." (Id. at 4.) Thus, expert discovery—and any associated motions—was to be completed ahead of the deadline for dispositive motions. All

dispositive motions are to be heard no later than December 6, 2018. (Id.)

Inexplicably, plaintiff filed this motion well over a month past the deadline for expert discovery, and noticed the hearing on the same date by which all dispositive motions are to be heard. (ECF No. 188.) Indeed, the alleged improper conduct took place on October 1, 2018, and this motion was not filed until November 21, 2018. (See ECF No. 188 at 5 ("Calone's 'rebuttal' disclosure was served, *but not filed*, on the last day permitted by the Court's order, October 1, 2018").) What is more, the parties now seek to move the hearing to December 20, 2018, well beyond the deadline for hearing dispositive motions. (ECF No. 190.)

Even if the court were to hear this matter on December 6, 2018, this motion is untimely as it cannot be considered and resolved "in a timely manner in order to comply with the Court's deadline for filing dispositive motions." (ECF No. 126 at 4.) To the extent that either party seeks to modify the scheduling order, the matter must noticed before the district judge.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike defendants' rebuttal expert witnesses (ECF No. 188) is DENIED as untimely.
2. The parties stipulation and proposed order for continuation of hearing (ECF No. 190) is DENIED as moot.

IT IS SO ORDERED.

Dated: November 30, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE