UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY RODDEN JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD CALONE; CALONE & HARREL LAW GROUP, LLP; CALONE & BEATTIE, LLP; CALONE LAW GROUP, LLP,<br><br>Defendants. | No.  2:16-cv-00891-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Plaintiff Dorothy Rodden Jackson's ("Plaintiff") *ex parte* application for appointment of a guardian *ad litem*.  (ECF No. 229.)  Defendants Richard Calone, Calone & Harrel Law Group, LLP, Calone & Beattie, LLP, and Calone Law Group, LLP, (collectively, "Defendants") filed an opposition.  (ECF No. 231.)  Plaintiff filed a reply.  (ECF No. 233.)  For the reasons set forth below, the Court GRANTS Plaintiff's application.

///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action on April 28, 2016. (ECF No. 1.) Plaintiff asserts a variety of claims arising from legal services that Defendant Richard Calone, Plaintiff's former attorney, provided to her regarding the preparation of a family trust. (*Id.*) Plaintiff now seeks appointment of a guardian *ad litem* on the grounds that her physical impairments — she is 91-years old, legally blind, and suffers from compromised hearing, hypothyroidism, and diabetes — prevent her from adequately protecting her interests in this action. (ECF No. 229 at 6.)

### II. STANDARD OF LAW

"A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 905 (9th Cir. 1986). Federal Rule of Civil Procedure Rule 17(c) permits appointment of a guardian *ad litem* once the necessary showing is made pursuant to the law of the applicant's domicile. *See, e.g.*, *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1049 (E.D. Cal. 2015) ("A person's capacity to sue is measured by the standard of the law of his domicile.").

Here, the parties agree that Plaintiff is a domiciliary of Hawaii. Hawaii Rule of Civil Procedure 17(c) allows a court to appoint a next friend or guardian *ad litem* for a minor or incompetent person for purposes of prosecuting a lawsuit. Under Hawaii law, appointment of a guardian *ad litem* requires a showing that the applicant is "by reason of some legal disability unable to look after [her] own interests, and to manage the suit . . .." *Nawahie v. Peterson*, 24 Haw. 558, 562 (1918). "[C]ourts should appoint guardians ad litem for parties litigant when reasonably convinced that a party litigant is not competent, understandingly and intelligently, to comprehend the significance of legal proceedings and the effect and relationship of such proceedings in terms of the best interests of such party litigant." *Leslie v. Estate of Tavares*, 91 Haw. 394, 400 (1999).

### III. ANALYSIS

Plaintiff submits several exhibits in support of her *ex parte* application. (ECF No. 229-1.) Exhibit One is a declaration by Plaintiff's counsel, who states: (1) communication with Plaintiff is unreasonably difficult given her hearing loss; (2) Plaintiff's visual limitations render document-

2

related discussions unreasonably difficult; and (3) Plaintiff's overall health causes her to tire easily, which makes extended communications unreasonably difficult. (*Id.* at 5.) Exhibit Two is deposition testimony from Dr. Lee Scaief, Plaintiff's ophthalmologist, who testifies that Plaintiff is legally blind and therefore struggles to read legal documents. (*Id.* at 14, 16.) Exhibit Three includes two declarations by Dr. John Kurap, Plaintiff's physician. In a 2017 declaration, Dr. Kurap describes Plaintiff's medical conditions, including that she is legally blind, her hearing is greatly compromised, and she is in overall frail health. (*Id.* at 23.) Dr. Kurap also states that Plaintiff's medical problems and associated pain render her depressed and unable to deal with stressful situations. (*Id.*) In a 2020 declaration, Dr. Kurap asserts that he last examined Plaintiff in January 2020, and Plaintiff's condition is the same as he described in the 2017 declaration. (*Id.* at 21.) Exhibit Four is a declaration by Plaintiff, in which she describes her medical conditions, her difficulty in understanding and responding to her attorneys about her case, and her desire for the Court to appoint her daughter, Terry Jackson, as her guardian *ad litem* in this matter. (*Id.* at 32.) Finally, Exhibit Five is a declaration by Terry Jackson, stating that she has no financial interest in this litigation and is willing to serve as her mother's guardian *ad litem*. (*Id.* at 34–35.)

      In opposition, Defendants primarily take issue with Plaintiff's decision to bring her request as an *ex parte* application rather than a regularly noticed motion. (ECF No. 231 at 1.) However, it bears mentioning that Defendants were given sufficient notice to file an opposition to the *ex parte* application. Therefore, whether or not an *ex parte* application was proper, it appears Defendants were not harmed by the *ex parte* filing. It is also unlikely that Defendants will suffer any harm as a result of granting Plaintiff's request for a guardian *ad litem*, which is a procedure intended to protect Plaintiff's interests. *See Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). To the extent there is any risk in appointing a guardian without following formal motion procedures, that risk is diminished by this Court's continued supervision of this matter. If Plaintiff later objects to the continued representation of a guardian on her behalf, she may so advise this Court at any point in the future. For these reasons, the Court is not persuaded that Plaintiff's application should be denied solely because it was brought *ex parte*.

///

Notably, Defendants do not argue that Plaintiff is *not* incompetent or that Terry Jackson is somehow unsuitable to serve as guardian *ad litem*. Although Defendants summarily argue that "Plaintiff's condition has not deteriorated" in the last several years (ECF No. 231 at 4), Defendants fail to develop the argument further or otherwise challenge Plaintiff's evidence. As it is, Plaintiff has provided ample evidence supporting her claim that a guardian *ad litem* is needed to protect her interests. It is also compelling that Plaintiff herself, rather than the Court or some other party, is requesting that she be represented by a guardian.

Accordingly, the Court finds Plaintiff qualifies for appointment of a guardian *ad litem* because her physical impairments prevent her from understanding and meaningfully participating in her legal proceedings. *See Leslie*, 91 Haw. at 400; *see also In re Doe*, 108 Haw. 144, 147 (2005). The Court also finds Terry Jackson is a suitable representative based on her close family relationship to Plaintiff, her lack of financial interest in the case, and her willingness to represent her mother. Therefore, the Court GRANTS Plaintiff's application.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's *ex parte* application for appointment of a guardian *ad litem* (ECF No. 229) and appoints Terry Jackson, Plaintiff's daughter, as guardian *ad litem* for Plaintiff.

IT IS SO ORDERED.

DATED: September 14, 2020

Troy L. Nunley
United States District Judge